HENRIETTA MEYER, Respondent, *v.* THE PACIFIC RAILROAD, Appellant.

| 40 | 151 |
|100 | 681 |
| 40 | 151 |
|101 | 78 |
| 40 | 151 |
| 43a | 349 |
| 40 | 151 |
|117 | 233 |
| 40 | 151 |
| 95a | 3311 |

1. *Practice—Supreme Court—Evidence.*—Where there is a total failure of evidence tending to prove the issue, the court may determine the whole case as a matter of law; but where there is presented legal evidence tending to prove the issue, the jury must determine what weight shall be attached thereto.

2. *Action — Damages — Negligence.*— The court cannot single out an isolated fact, and instruct the jury as a matter of law that it amounts to negligence. Whether the action of the conductor of a railroad train in putting a party off the cars while moving very slowly, under all the circumstances of the case, amounted to negligence, was a question for the jury to determine. Whether the intoxication of the party injured contributed to the injury or not, was also a matter to be left to the jury.

3. *Practice— Instructions.* — Where the court refuses instructions as prayed, but gives them in a modified form, the party asking the instructions may treat them as refused, and save his exceptions.

### *Appeal from St. Louis Circuit Court.*

This was an action by Henrietta Meyer, widow of August Meyer, deceased, against defendant, for damages for the death of her husband. The action was instituted under the second section of the "Act relating to damages," R. C. 1855, ch. 147. The accident occurred at the depot of defendant at St. Louis. The Franklin accommodation train was at the station. For some time (15 or 20 minutes) before the train started, the deceased had been about the depot platform intoxicated. When the train started, Meyer was standing upon the rear platform of the baggage car, leaning against the baggage car door. The proof showed that the notice about riding on the platform was posted up on the outside of the cars instead of the inside; that there were three passenger cars in the train, and that there was a large number of vacant seats; that the conductor gave the signal to start from station platform, and as the train started, moving very slowly, he stepped on the platform where Meyer was; that the train had not moved more than thirty or forty feet from the

place of starting before the signal had been given to stop; that Meyer was under the cars fatally injured.

The plaintiff's evidence tended to show that the conductor, in attempting to put him off, either by criminal intent or carelessness, forced him between the cars.

The defendant's evidence tended to show that he fell from the cars from the simple shock of starting the train, his drunken condition rendering him unable to stand up, and that the conductor attempted to save him.

The plaintiff requested the court to give the following instructions:

1. If the jury believe that August Meyer exercised ordinary care and prudence on his part, and that the injuries from which he died resulted from or were occasioned by the negligence, unskilfulness or criminal intent of the officers, agents, servants or employees of the defendant, or any one of them, whilst engaged in running the locomotive and train of cars mentioned in the petition; and further find that the plaintiff Henrietta Meyer was the wife of said August Meyer at the time of the latter's death, the jury will find for the plaintiff and assess her damages at five thousand dollars.

2. If the jury believe from the evidence that the conductor Darby was about to put Meyer off the cars, it was his duty first to stop the train before attempting to do so.

Both of which the court gave as asked, to which defendant excepted.

And the defendant thereupon asked the court to instruct the jury as follows:

1. If the jury believe from the evidence that deceased received the injuries complained of through his own want of ordinary care and prudence, plaintiff cannot recover.

2. In order to entitle the plaintiff to recover, it is incumbent on her to show that the injuries complained of were occasioned by the negligence, unskilfulness or criminal intent of the officers, servants or employees of defendant whilst

running, conducting and managing their locomotive and train of cars, without any fault on the part of deceased contributing thereto.

3. Even if the jury believe that the officers and employees of defendant were guilty of slight negligence whilst running, conducting and managing the train in question, yet if they find also that the want of ordinary care and prudence on the part of deceased directly contributed to occasion the injuries complained of, plaintiff cannot recover.

4. If the jury find that deceased was thrown from defendant's cars and thereby killed by reason of his voluntarily taking a dangerous and improper place or position on defendant's car, when it was practicable to get into a safer and securer place or position within the same, then the defendant is not liable in this action.

5. If the jury believe that the deceased, at the time he received the injuries complained of, had voluntarily placed himself on the platform of one of defendant's cars, and that he was thrown therefrom by a sudden jerk or movement of the train while in motion, whereby he received the injuries complained of; and that such jerk or movement was not such as to increase the danger or risk to persons within the cars, and that defendant had provided ample room for passengers within the cars, they must find for defendant.

Which instructions were given.

Defendant also asked another instruction, (No. 6 — see opinion,) which the court refused to give as asked, but gave it after having interlined the same, to which interlineation the defendant excepted.

*Leighton* with *Glover & Shepley*, for appellant.

*Woerner & Kehr*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

There are two grounds urged in this court for a reversal of the judgment: first, that there is not sufficient evidence to support the verdict; and secondly, the court improperly

instructed the jury for the respondent. The doctrine is so well established that it is hardly necessary to repeat it, that this court will not disturb a verdict because it is against the weight of evidence.

Where there is a complete and total failure of evidence, and it has no tendency to prove the issue, the court will be warranted in determining the whole case as a question of law; but where there is any evidence conducing to support the issue, or prove the allegations made by the pleadings, it is for the jury to say what weight shall be attached to it. It must be apparent at first blush that the jury have been actuated by prejudice or misconduct, and that their finding is wholly unsupported by the facts in the case, before we have liberty or authority to interfere. This doctrine is so firmly embedded in our jurisprudence, that to hold otherwise would be judicial usurpation, and the unsettling of well established principles. The constitution and laws of the country have imposed upon juries peculiar duties, and, unless they grossly abuse their trust, this tribunal is not to invade their province and revise their work. Their opportunities for judging of the capacity, integrity and credibility of witnesses by seeing them face to face, and observing the manner of giving their testimony, make them possess advantages which we are deprived of. There is not such an absolute failure or want of evidence in this case as would justify us in interposing for that reason.

The second instruction given for the respondent tells the jury, that if they believe the conductor was about to put Meyer off the car, it was his duty first to stop the train before attempting to do so; and as all the evidence shows that when the supposed attempt was made the train was not stopped, it was equivalent to withdrawing the whole question of negligence from the jury, and instructing them to find for the respondent. From the evidence, it appears that the train was just starting, and going at a remarkably slow rate of speed; and if an attempt was made to put Meyer off, it was a fact that should have been submitted whether it was done

negligently, or in a way to endanger life. To attempt to put a person off of a train when it is under full headway, or in the night at a dangerous place, would unquestionably be deemed gross carelessness and highly improper conduct, and a court would be fully warranted in so declaring it; while expelling a man when the cars were scarcely in perceptible motion might be devoid of all hazard and without any negligence. Therefore it is a question for the jury to determine, with a full view of all the circumstances as shown by the facts, and the court cannot single out an isolated fact and instruct that it amounts to negligence as matter of law.

All the instructions asked by defendant were given except one, which will presently be noticed, and no complaint is alleged against them. The first one given for the appellant is not liable to any objection so far as we can see. After the regular series were given on both sides, the defendant asked the court to instruct, that

6. If the jury believe that at the time deceased received the injuries complained of he was so intoxicated as to be unable to exercise the care and prudence ordinarily exercised by prudent and sober men while travelling upon railroads, and that such inability on his part contributed to caue the injuries aforesaid, plaintiff cannot recover.

The court refused to give it in that shape, but interlined it, and then gave it, making it read, that

6. If the jury believe that at the time deceased received the injuries complained of he was so intoxicated as to be unable to exercise, *and did not exercise*, the care and prudence ordinarily exercised by prudent and sober men while travelling upon railroads, and that such inability and want of care on his part *directly* contributed to cause the injuries aforesaid, plaintiff cannot recover.

To this action of the court in making the interlineation the plaintiff excepted.

Parties have the right to present such instructions as they see proper, and it is the duty of the court to either give or refuse them, without making any alteration or modification

whatever. It is the privilege of the party to stand or fall by his own proposition, in the shape he has chosen to offer it; and if the court dissents from it, it has but one course of action to pursue, and that is to refuse it without qualification. The conduct of the court, therefore, in this case must be regarded as a refusal to give defendant's instruction; and the giving of the one in its modified form as of its motion.

In our opinion, the court stated the law correctly. Unless Meyer's intoxication directly contributed to cause the injury, and in consequence thereof he did not exercise ordinary care and prudence, we do not see how it should be made to operate to the detriment of the plaintiff. The very proposition is monstrous, that because a man is drunk, although that is not the proximate cause of the injury, he is therefore placed beyond the pale of legal protection and may be killed with impunity.

The second instruction given for the plaintiff is erroneous, and on that account the judgment is reversed and the cause remanded. The other judges concur.

Judge Holmes concurs in reversing the judgment, but not in all the reasonings of the court.