ALLEN, *Appellant*, v. MANSFIELD.

1. **Evidence, Objection to**: PRACTICE IN SUPREME COURT. A party objecting to evidence must state his grounds therefor, and the bill of exceptions must show what was the specific objection urged against the admissibility of the given testimony before the trial court. Otherwise it cannot be known in the Supreme Court upon what the circuit court was asked to pass, and the former will not review its action.

2. **Instructions, Amendment of**: EXCEPTIONS. Where the court amends instructions asked by a party, and gives them as amended, it is equivalent to a refusal of them, and gives the party the full benefit of his exceptions to the action of the court.

3. **Limitations**: ADVERSE POSSESSION: TITLE: EJECTMENT. Ten years consecutive adverse possession, under claim of title, gives the title to the occupant as effectually as any written conveyance. And the ten years' possession need not be the ten years next before the date of the action of ejectment.

4. **Statute of Limitations**: WAIVER OF BENEFITS OF: TITLE. An agreement made after title has been perfected by operation of the statute of limitations to waive the benefits of the statute, is not effective, but the title remains in the party, who has thus acquired.

it, until he conveys it back with all the solemnities required in any deed to land.

5. **It was Proper,** under the circumstances of this case, to instruct the jury that if defendant did in fact surrender her title and consent to hold as tenant to plaintiff, they must find that she knew what she was doing.

6. **Parol License to Occupy Land:** TENANT AT WILL: NOTICE: EVICTION. A parol license to one by the owner of land that the licensee may occupy the land during the latter's natural life, is revocable at the will of the owner. Such licensee is a tenant at will, and entitled to notice to quit before he can be evicted.

7. ——: IMPROVEMENTS: EVICTION. Where one is induced by the owner of land to occupy the same for a permanent home, and while upon it makes improvements not severable from the freehold, such improvements so made give the holder such right and interest in the use of the property, that neither the owner nor his heirs and assigns can put him off without compensating him for such improvements.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

AFFIRMED.

*Allen H. Vories* and *E. O. Hill* for appellant.

(1) The court erred in permitting defendant to testify that Mansfield, who was dead, gave her the lot, because Mansfield, one of the contracting parties, being dead, the other party could not testify, and because the declarations of Mansfield were not proper testimony to prove title in himself or defendant, or in disparagement of his title. 1 Greenleaf's Ev., §§ 109, 110. (2) The court erred in refusing to give plaintiff's instructions as asked. He had the right, under the law, to have them given or refused as asked, and the modification was equivalent to a refusal. There was no evidence to warrant such modification. Instructions must be based on the evidence. *Doebling v. Loos,* 45 Mo. 150; *Ewing v. Goss,* 41 Mo. 492. The instruction as to the statute of limitation was clearly erroneous. The plea in the answer was ten years prior to the commencement of the suit, while the instruction was ten years

44—82

prior to 1877. The suit did not commence until 1881, leaving four years in which defendant might not have claimed the property. (3) Plaintiff's third instruction should have been given.

*J. F. Pitt* for respondent.

PHILIPS, C.—This is an action of ejectment to recover possession of the east part of lot 7, in block 44, in South St. Joseph. Ouster laid January 2nd, 1881. The answer tendered the general issue, and special plea of statute of limitation, and title by gift, and adverse possession.

The evidence on plaintiff's part tended to show that the lot in 1865 belonged to one Allen G. Mansfield. The lot was partitioned among his heirs and fell to Wm. A. Mansfield. The plaintiff bought the lot under a judgment against said William, and received a sheriff's deed therefor. The defendant was then in possession, and plaintiff called to see her. He testified that defendant told him that her old master, Allen G. Mansfield, told her she should live there as long as she lived; that she dug the well and built the house there, and paid for them by washing; that he told her he did not want anything of hers; that he might not want the lot for ten years, and if she had anything of worth he would pay her for it. This was in 1877. Two years after this plaintiff went on to the west part of the lot and put up a small house and built a fence there; that about this time she commenced quarrelling with him about the matter.

Her testimony was to the effect that in 1865, when she was about starting to move to some town with her children, her old master, Mr. Allen G. Mansfield, told her he would give her this lot if she would move on to it and live there; that he did not wish to see her dragging her children around. Mansfield built the cabin on the lot. She moved in in 1865, built a fence around the yard, dug a well and built some out-houses, and handed her old mistress

money to pay the taxes. She had lived on the place continuously ever since, claiming title to it, etc. There was some corroborative testimony of her statements. Plaintiff claimed that no taxes had been paid save those paid by himself after the partition sale. The trial was had before a jury.

The plaintiff then asked the court to instruct the jury as follows:

1. That under the admissions made on the trial and the deed read in evidence, the plaintiff is entitled to recover in this suit

2. If the jury believe from the evidence that the defendant surrendered to the plaintiff the west end of said lot 7, and that he took possession of the same by her consent, and agreed to deliver up the possession of the east end thereof whenever required by plaintiff, then the defendant cannot set up any title in herself, and the jury will find for this plaintiff.

3 That if the jury believe from the evidence that Allen Mansfield told the defendant that she might occupy the premises in controversy during her lifetime, and that she only claimed the premises under the license of Mansfield prior to and up to the time that plaintiff purchased said lot, then such possession could not be adverse to Mansfield's heirs or their grantees, and her living upon said lot could not give her title to it.

All of which instructions the court refused, to which plaintiff at the time excepted.

The court then, against the consent of plaintiff, modified the first and second instructions as follows:

By adding to plaintiff's first instruction these words: "Unless the jury find from the evidence in this case, that more than ten years prior to 1877, Allen G. Mansfield placed defendant in possession of the lot in controversy to be by her held and owned by her as her property, and that for more than ten years prior to 1877, defendant occupied said lot openly, notoriously and adversely," as her own.

And by adding to plaintiff's second instruction the words, "Provided at the time of such alleged surrender, if any was made, defendant knew she was surrendering her title to plaintiff, and with such knowledge consented to hold said lot as the tenant of plaintiff."

To which modifications or additions the plaintiff at the time excepted.

The defendant then asked the court to instruct the jury as follows:

If the jury believe from the evidence that about the year 1865 Allen G. Mansfield had the possession of the premises described in plaintiff's petition surveyed, built a house thereon, and verbally gave the same to plaintiff, and put her in possession thereof, and that plaintiff has ever since said date been so in possession, claiming to own the same, and that such possession has been open, notorious and actual, under claim of ownership, then the jury will find for the defendant.

The jury returned a verdict for defendant. The plaintiff prosecutes this appeal from the judgment of the court based on said verdict.

I.   It is assigned for error that the court permitted the defendant to testify to conversations between her and Allen G. Mansfield respecting the gift of this property to her. It is now claimed that he was dead at the time of this trial, and, therefore, she is disqualified to testify to such contract. If it were conceded that such fact worked a disqualification of the witness, the plaintiff has not sufficiently preserved the objection in the bill of exceptions. It appears only that he objected to a part of this testimony. No reason was assigned to the court for the objection. This is not enough. The party must state to the court the grounds of his objection, and the bill of exceptions must show what was the specific objection urged before the trial court against the admission of the given testimony. Otherwise it cannot be known that the question presented in the Supreme Court, as the basis of the objection, is the same upon which the

.circuit court was asked to pass. *Roussin v. St. Louis Perp. Ins. Co.*, 15 Mo. 244; *Clark v. Conway*, 23 Mo. 442; *Knipper v. Bechtner*, 32 Mo. 255; *Rosenheim v. Am. Ins. Co.*, 33 Mo. 230; *Gillett v. Mathews*, 45 Mo. 307.

II. Error is alleged in the giving and refusing of instructions. Counsel complain that the court, instead of refusing the instructions, as asked by him, gave them as amended by the court. This was tantamount to a refusal and gave the plaintiff the full benefit of his exception to the action of the court. *Meyer v. P. R. R. Co.*, 40 Mo. 151.

III. The first instruction asked by plaintiff was properly refused. If the defendant's testimony was credited by the jury, the title to the lot was in the defendant, and the plaintiff was not entitled to recover. The amendment made by the court is assailed on the ground that it fixed the ten years' limitation prior to 1877, instead of 1881, the date of institution of suit, "leaving four years in which the defendant might not have claimed the possession." This criticism is evidently based on the assumption that the ten years' adverse possession to constitute title, must be the ten years next before the date of the action of ejectment. This is a misconception of the nature of the title acquired by adverse possession. The ten years' consecutive adverse possession, under claim of title, gives the title to the occupant as effectually as any written conveyance. It takes away the title of the real owner and transfers it to the occupant. "The party who acquires a title to land under the statute by possession adverse to the true owner, acquires all the title of the true owner precisely as if he had a deed from him." The statute of limitations gives a perfect title. *Hughes v. Graves*, 39 Verm. 359; *School Dist. v. Benson*, 31 Me. 384, 385; 3 Washburn Real. Prop., 164, side p. 501; *Nelson v. Brodhack*, 44 Mo. 600. So it must result that, if in 1877 the defendant had held the adverse possession of this land for the requisite ten years, she had then acquired the complete legal title to it. The intervening four years

between that time and the institution of this action, could not, therefore, affect her title. There is no dispute but that defendant's possession began in 1865. If it ripened into a title at all, it had done so in 1877, when plaintiff bought, for it had then been continuous for over ten years. Any act done, or conversation had by her, to impair that title or authorize plaintiff to enter upon her possession, would necessarily have to be of the like character which would impair the title and take away the right of possession, had she held a perfect deed from Allen Mansfield.

"An agreement made after the lapse of the statutory period to waive the benefit of the statute, is not effective, but the title remains in the party who has acquired it under the statute until he conveys it back with all the solemnities required in any deed of land." 3 Washburn Real. Prop., 164. In this view of the law, the second instruction was properly refused. It broadly asserts that if defendant surrendered possession of the west end of the lot (no matter when) and agreed to deliver up the possession of the east end (the part in controversy) when required, the jury should find for plaintiff. It is not obvious in the first place, that there was any evidence whatever from which a reasonable jury could have drawn the inference of any agreement on the part of defendant to surrender any part of this land. There certainly was no written agreement and no consideration to support one. The plaintiff seems to have gotten on to the west half of the lot without asking leave; and the condition of the defendant, a former slave, was not likely to make her very assertive against a comer like the plaintiff. The amendment made by the court to the instruction was demanded by the circumstances of the case. It required the jury to find, in case of any surrender in fact that the defendant knew she was surrendering her title and consented to hold as tenant to plaintiff. In other words, that she knew what she was doing. It is to be borne in mind that all these transactions and interviews

between the parties were long after defendant's title, if ever, was completed by operation of the statute of limitations. Therefore, unless she surrendered her possessory right by contract, establishing the relation of landlord and tenant between her and plaintiff, there was nothing to prevent her from asserting her title and right of possession.

IV. The third instruction asked by the plaintiff abstractly announced a correct principle of law. But an instruction may not be a mere abstraction nor wholly irrelevant to the evidence, yet it may be so phrased or present such a partial view of the issues, as to justify its rejection. We think this instruction was calculated to mislead the jury, because it apparently limited the inquiry as to whether the defendant had the title in fee to this lot. It does not necessarily follow that plaintiff is entitled to recover in this action, even if defendant entered under a parol license to occupy during her natural life. Of course, a mere parol license could confer no interest in the land. It, without more, would be countermandable and revocable at the will of the owner. *Cook v. Stearns*, 11 Mass. 533; *Fuhr v. Dean*, 26 Mo. 116; *Desloge v. Pearce*, 38 Mo. 588. Washburn on Eas., 5, 19. Even on plaintiff's theory, the utmost he could claim is, that the defendant, as such licensee, was a tenant at will, and, as such, she was entitled to notice to quit before she could be evicted. There is no proof of any such notice in this record. Again, if defendant's evidence was credited, she was induced by Mr. Mansfield to turn aside from her purpose and preparation to locate elsewhere, and go upon this land for a permanent home. She accepted, entered upon the land and made improvements, among which was the digging of a well which is not severable from the freehold. These facts, aside from any question touching the statute of limitations, gave her such right and interest in the use of the property that neither the licensor nor his heirs and assigns could put her off, without compensating her for her improvements. *Fuhr v. Dean, supra*, 121.

The instruction asked by plaintiff left out of view these propositions. At all events, we think the merits of the whole case were fairly presented to the jury in the instructions given, and the ends of justice do not demand a further hearing.

The judgment of the circuit court is, therefore, affirmed. All concur.