# Hoffman *v.* White.

*Statutory Action in nature of Ejectment.*

1. *Adverse possession to division fence, as between co-terminous proprietors.* If two owners of adjacent lots agree upon the location of a division fence between them, and each holds possession for ten years or more, claiming up to the fence as the dividing line, the title of each becomes perfect, under the statute of limitations, without regard to the true location of the boundary line between them ; and if the fence is erected by one of them, without any agreement with the other, but under the honest belief that he is putting it on the true line, and his possession up to the fence is continued without interruption for ten years, he thereby acquires a perfect title.

2. *Same.*—When a person is in possession of land, claiming title, his knowledge of a defect or infirmity in his title does not prevent his possession being adverse, or becoming perfected by the statute of limitations ; and his admissions of such defect or infirmity, made after the lapse of ten years, do not affect his title.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This action was brought by John Hoffman against Edward D. White, to recover the possession of a narrow strip of land in Decatur, seven (7) feet wide by 132 feet in depth; and was commenced on the 26th August, 1887. The plaintiff claimed the strip of land as part of his lot No. 23, while the defendant claimed it as part of his lot, No. 32, which adjoined plaintiff's lot on the west. The defendant pleaded not guilty, and the statute of limitations of ten years ; and issue was joined on these pleas. The case being submitted to the decision of the court without a jury, the court rendered judgment for the defendant; and this judgment is here assigned as error, with several rulings on evidence.

WERT & SPEAKE, for appellant. (No brief on file.)

E. W. GODBEY, *contra*, cited *Alexander v. Wheeler*, 69 Ala. 332; *Brown v. Cockrell*, 33 Ala. 38; *Manly v. Turnipseed*, 37 Ala. 522; *Smith v. Hamilton*, 20 Mich. 433; *Sawyer v. Fellows*, 6 N. H. 107; *Rockwell v. Adams*, 7 Cowen, 762; *Dibble v. Rogers*, 13 Wendell, 539; *Baldwin v. Brown*, 16
VOL. XC.

[Hoffman v. White.]

N. Y. 363; *Brown v. Caldwell*, 10 Serg. & R. 114; *French v. Pearce*, 2 Amer. Dec. 680; *Riley v. Griffin*, 60 Amer. Dec. 726; 2 Gilm. 419; 13 Neb. 415.

McCLELLAN, J.—We are satisfied from the evidence in this record, that about the year 1869 a fence was erected on what was supposed by the then owners of lots 23 and 32, respectively, to be the divisional line between said lots. We are further satisfied that, from that time to the present, the owners of lot 32 have been in the open, notorious, actual and continuous possession thereof as defined in part by said fence, which has been constantly maintained on the line of its original location. We are also convinced that this possession on the part of the defendant, and those under whom he claims, has always been under a claim of ownership of the whole of lot 32 up to the said partition fence, and that the rightfulness of such possession was never drawn in question until shortly before the institution of this suit by the owners of lot 23, or any other person. It may now be conceded that the fence is not, and has never been, on the true line between the lots, but that, on the contrary, it was by mistake placed so as to inclose with lot 32 a strip seven feet in width off the west side of lot 23. Yet, if the erroneous line was *agreed upon by the then proprietors*, as we think the evidence shows, under the belief that it was the correct line, and the owners of lot 32 entered on, and took possession of lot 32, to such conventional line, and held under a claim of right, their posssesion is adverse in its character to the true owner, and, if continued for ten years, ripens into a perfect title against all the world. *Alexander v. Wheeler*, 69 Ala. 332.

It is insisted, however, that the line between these lots was not established by agreement of the parties. We do not concur in this view of the evidence, but the position may be admitted, and the element of contract in the location of the fence be entirely eliminated. The fact would still remain, that the owner of lot 32 *intended* to put the fence on the true line, *believed he* had done so, and that he and his successors for more than ten years held up to the fence, under a claim of ownership hostile and adverse in its character. We do not doubt but that such possession, though not justified by an understanding as to the location of the fence, and originating in a mistake as to the true line, would, if open, notorious, actual and continuous for the statutory period, vest absolute title in the holder.—*Abbott v. Abbott*, 51 Me. 584; *McNamara v. Seaton*, 82 Ill. 501. So that, whether the division line was established by agreement, or was marked out and fenced by the proprietor

[Hoffman v. White.]

of lot 32, without consulting the proprietors of lot 23, and possession taken and held accordingly under a claim of right for ten years, by the defendant, and those through whom he holds, the defense of adverse possession, in either aspect, is fully made out.

The only evidence offered by the plaintiff, bearing on this issue, which was excluded, went to the *bona fides* of the defendant's assertion of title to the strip, and tended to show that he entertained doubt as to his title thereto, or a belief that the strip did not belong to him. Had this testimony been admitted, it could not have availed the plaintiff. As was said in *Alexander v. Wheeler, supra*, "Knowledge by one in possession, claiming title, that his title is defective, does not generally prevent such possession from being regarded as adverse. The test is the actual claim, not the *bona fides* of it.—*Riggs v. Fuller*, 54 Ala. 141; *Manly v. Turnipseed*, 37 Ala. 522. " Moreover, the title of defendant had long before become perfect by the continuance of the adverse possession in his predecessors, which had its inception in 1869. The ten years relied on need not be those next before action brought.—*Allen v. Mansfield*, 82 Mo. 688; *Unger v. Mooney*, 49 Amer. Rep. 100. And a title once acquired by ten years of continuous adverse possession, will not be forfeited by a subsequent interruption of the possession, or, it would seem, by an after possession which was lacking in some of the characteristics essential to give title of itself.—*Sherman v. Kane*, 86 N. Y. 57; *Spofford v. Bennett*, 55 Tex. 293. The exclusion, therefore, of defendants' declarations to Skeggs, as to the size of his lot, and the supposed infirmity. of his title, whether erroneous or not, was without injury to the plaintiff.

The other evidence offered for plaintiff, excluded on motion of defendant, had no bearing on the issue presented by the plea of the statute of limitations. Its exclusion could not have prejudiced the plaintiff, since, if every fact it tended to establish be admitted, the defense of adverse possession for ten years would in no wise have been affected thereby.

The trial below was had without jury. The evidence, we think, fully supports the conclusion reached by the judge of the City Court, and the judgment thereon is affirmed.