McREE, *Appellant*, v. GARDNER *et al.*]

### Division One, December 11, 1895.

1. **Land:** CLOUD ON TITLE: POSSESSION. Turning a cow into an inclosed lot and removing bill boards therefrom do not constitute such possession as will sustain an action to remove a cloud from its title.

2. ——: ——: ——. Title to land by adverse possession is sufficient to sustain an action to remove a cloud upon its title.

3. ——: ——: ——. One claiming the legal title, but out of possession, can not invoke equitable interposition to remove a cloud from such title.

4. ——: ——: JUDGMENT. Where a bill to remove a cloud on the title to land is dismissed because plaintiff is not in possession, the judgment should not be so absolute as to constitute a bar to the maintenance by plaintiff of another form of action to enforce any right he may have to the land.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*C. Gibson* and *C. E. Gibson* for appellant.

(1) The deed of trust under which defendants claim title was executed by Clark, May 13, 1857, and it matured in six months from date, being November, 1857. The adverse possession, commenced before the deed of trust was executed and at the time of the compromise in 1868 had run more than ten years subsequent to its maturity. Title under the deed of trust was, therefore, barred. *Ewing v. Shannahan,* 113 Mo. 188; *Bank v. Fife,* 95 Mo. 118. (2) The proceedings in in the *Clark–Hammerle* case are unquestionably binding on the defendants; this conclusion is founded on the well established doctrine of *lis pendens.* See *Carr v. Cates,* 96 Mo. 274; *Tilton v. Cofield,* 93 U. S. 163. "The continuous payment of taxes of itself is not sufficient to show adverse possession. The title of the real owner of land can not be transferred to a stranger by the payment of the taxes for ten years." *Chapman v. Templeton,* 53 Mo. 463. See, also, *Pike v. Robertson,* 79 Mo. 615; *Bradstreet v. Kinsella,* 76 Mo. 63; *Norfleet v. Hutchins,* 68 Mo. 597. (3) It has been held in many cases and is a well settled rule that when a defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony to establish it, it presents a case for invoking the aid of a court of equity to remove it as a cloud on the title. *Harrington v. Utterbeck,* 57 Mo. 519; *Gardner v. Terry,* 99 Mo. 523; *Clark v. Insurance Co.,* 52 Mo. 272; *Beedle v. Mead,* 81 Mo. 297; *Parks v. Bank,* 97 Mo. 130; *Brooks v. Owen,* 112 Mo. 252; *Church v. Hintze,* 72

Mo. 363; *Sharon v. Tucker*, 144 U. S. 533. (4) The decree generally dismissing plaintiff's bill is erroneous as it would bar plaintiff from ever bringing another action in respect to the premises in controversy.

*Kehr & Tittmann* for respondents.

(1) It is settled law in this state that a party claiming the legal title to land, and being out of possession, can not go into equity to remove a cloud on such title. *Davis v. Sloan*, 95 Mo. 552; *Graves v. Ewart*, 99 Mo. 13; *Clark v. Insurance Co.*, 52 Mo. 272; *Odle v. Odle*, 73 Mo. 289; *Dyer v. Krackauer*, 14 Mo. App. 39; *Dyer v. Baumeister*, 87 Mo. 134. (2) The act of June 13, 1812, was a present, operative grant, investing the claimant from the date of its passage with the full, complete legal title, provided he, or those under whom he claimed, had inhabited, cultivated, or possessed the land prior to December 20, 1803. The certificate of confirmation is evidence of the fact of such inhabitation, cultivation, or possession, and of the extent and boundaries of the claim. *Milburn v. Hardy*, 28 Mo. 514; *Glasgow v. Lindell's Heirs*, 50 Mo. 60; *Guitard v. Stoddard*, 16 How. 494; *Glasgow v. Hortiz*, 1 Black. 595. (3) A New Madrid certificate can be located only on public lands which had been authorized to be sold. As the title to the land in survey 3307 was in Joachim Roy, or his legal representatives, it was not subject to location, and Mrs. McRee's certificate conferred no title whatever. The question of this particular title has been adjudicated in favor of Clark and against McRee. *Clark v. Hammerle*, 27 Mo. 55; s. c., 36 Mo. 620. (4) The possession of appellant and those under whom he claims never was hostile or adverse to the Clark title, but always in subordination to it. *Gordon v. Eans*, 97 Mo. 603;

*Hamilton v. Boggess*, 63 Mo. 251; *Budd v. Collins*, 69
Mo. 129; *Wilkerson v. Thompson*, 82 Mo. 317; *Wil-
coxon v. Osborn*, 77 Mo. 629; *Lynde v. Williams*, 68
Mo. 370; *Crispin v. Hannovan*, 50 Mo. 536; *Scruggs v.
Scruggs*, 43 Mo. 142; *Key v. Jennings*, 66 Mo. 356;
*Music v. Barney*, 49 Mo. 458; *Fugate v. Pierce*, 49 Mo.
447; Sedgwick and Wait on Trial of Titles to Land,
sections 730, 731, 754, 756; Tyler on Ejectment, pages
859, 860, 874–886, 887. (5) Nor was it open, notori-
ous, visible, continuous, or exclusive. Sedgwick and
Wait on Trial of Titles to Land, section 741. An
unrecorded lease is no evidence of possession. *Casey
v. Steinmeyer*, 7 Mo. App. 556. (6) *Clark v. Ham-
merle* had been dismissed more than three years before
Mr. Gardner took the deed of trust from Mrs. Col-
lins, hence *lis pendens* can not apply. The suit, more-
over, did not terminate adversely to Clark and, hence,
there is nothing in it to affect those holding under him.
*Wortham v. Boyd*, 66 Texas, 401. (7) Appellant and
those under whom he claims have been guilty of gross
laches, and for that reason, if for none other, the bill
was properly dismissed. *Bliss v. Prichard*, 67 Mo. 181;
*Kline v. Vogel*, 90 Mo. 239; *Burgess v. Railroad*, 99
Mo. 496; *Ferguson v. Soden*, 111 Mo. 208; *Sullivan v.
Railroad*, 94 U. S. 807; *Kelley v. Hurt*, 74 Mo. 561.
(8) The cause was heard, considered, and dismissed
upon its merits and the form of the decree is correct.
2 Daniel's Chancery Pl. & Pr., 994, 995; 1 Foster's
Federal Practice [2 Ed.], p. 545, sec. 300; *Gove v.
Lyford*, 44 N. H. 525.

MACFARLANE, J.—This is a suit in equity to remove
a cloud from plaintiff's title to one and a half acres of
land situate in the city of St. Louis. The petition
states that plaintiff is the owner in fee and is in the
lawful possession of the land described. The title

under which plaintiff claims is stated to be one acquired by adverse possession.

The charge is that in 1853 under color of title his grantor, Mrs. Mary McRee, took possession of a tract of fourteen acres which included the one in question. That afterwards, in 1856, Levi B. Clark claiming the whole tract commenced a suit in ejectment against the said Mary McRee to recover its possession. A judgment was afterward rendered in favor of the said Clark and an appeal was taken to the supreme court of the state where the judgment was affirmed, and the case was taken to the United States supreme court upon writ of error. While the case was pending in that court in the year 1868 it was compromised by the parties. By the terms of the compromise Clark conveyed to Mrs. McRee the tract in question here, and Mrs. McRee conveyed to Clark the rest of the tract.

In 1857 and pending said litigation the said Clark executed to John M. Krum as trustee a deed of trust on the whole tract to secure an indebtedness owing the firm of E. W. Clark and brother. This deed was duly recorded but Mrs. McRee had no further notice thereof, when she compromised her suit, than the constructive notice the record of the deed imported. On the fourteenth day of August, 1872, the debt not having been paid, the acre and a half in question was sold at trustee's sale and was bought by Stephen Gardner to whom a deed was made. Defendants claim title through Gardner. The suit is, to remove the cloud these conveyances cast upon the title of plaintiff.

It is further stated that from 1856 to the commencement of this suit plaintiff and his grantor Mrs. McRee had been in the actual, continuous, notorious, and uninterrupted adverse possession of the premises.

On the trial the facts charged, except as to the possession of the land, were uncontroverted. Evi-

dence was introduced by both parties as to the possession of the land, not only during the period plaintiff claimed to have held it, but at the time the suit was commenced.

After a hearing the court found for defendant and plaintiff's bill was dismissed and a general judgment of dismissal was rendered from which plaintiff prosecutes this appeal.

The grounds upon which the finding of the court was predicated do not appear. Intricate questions of law as well as controlling questions of fact are involved and were discussed in oral argument as well as by brief of counsel. We have examined with much care the evidence as preserved in the record with a view of fully comprehending the facts upon which the conclusions of law must rest.

The evidence shows very conclusively that Mrs. McRee owned a triangular tract of land containing fifty-six acres. One angle of the triangle pointed to the south. In connection with this tract, at a date prior to 1856, she had inclosed under color of title, and was in possession of, a tract of fourteen acres lying along the north side of the triangle.

In 1857 one Levi B. Clark commenced a suit in ejectment to recover possession of the fourteen acre tract. This suit was pending until 1868 when it was compromised. This was done after a judgment in favor of Clark had been rendered in the trial court and while the suit was pending on a writ of error taken by defendant Mrs. McRee. By the terms of the compromise Clark conveyed to Mrs. McRee one and one half acres, being the west end of the fourteen acre tract, and Mrs. McRee conveyed to Clark the balance of the fourteen acre tract. Mrs. McRee thereupon dismissed her writ of error.

It was very conclusively established also that im-

mediately after the compromise each party took the actual possession of the land conveyed to him respectively. The land conveyed to Mrs. McRee, which is the land here in dispute, adjoined the triangular tract at the northwest corner.

The evidence tended to prove that from the date of the compromise until 1890 Mrs. McRee and the plaintiff, who was her grantee, used the premises in question continuously in connection with their triangular tract.

In the year 1890 Chouteau avenue was extended east and west, along the north side of the triangular tract and separated the land in dispute from it. In improving the avenue the waste dirt was used in filling a pond on the land in question and in leveling the land. The evidence tended to prove that each of the parties to this suit consented to this use of the land.

There was some conflict in the evidence as to which one of the parties had possession after the opening of Chouteau avenue. On that question plaintiff testified that upon the opening of the avenue a fence had been built along its north line which completely inclosed the land; that nothing was done immediately in reference to the inclosure, and that it could not have been more than a year after the fence was built until the suit was commenced. Michael Hammel, a witness for defendant, testified that in 1890, while acting as agent for defendant, he had the land inclosed and a gateway made from the avenue to the land and that it remained in that condition until suit was commenced in September, 1891.

There was evidence that immediately before commencing the suit plaintiff had a cow turned into the inclosure. Also that he had removed from the premises at different times certain bill boards announcing that the property was for sale.

We are of the opinion that the decided weight of the evidence supports the position of defendant that, when the suit was commenced, he was, and for nearly a year had been, in the exclusive actual possession of the property. The testimony of plaintiff himself sufficiently establishes this fact. The mere act of turning a cow into the premises before commencing the suit and removing bill boards therefrom did not give the necessary possession. At most these were but acts of trespass. *Dyer v. Baumeister*, 87 Mo. 137.

It is well settled in this state that when real estate is held adversely the statute of limitations operates upon the title, and when the bar is complete the title of the original owner is transferred to the adverse possessor. The title thus acquired is a legal title which can be protected by actions at law, where like actions would lie under a title by deed. *Sherwood v. Baker*, 105 Mo. 477; *Harper v. Morse*, 114 Mo. 323; *Allen v. Mansfield*, 82 Mo. 693.

Plaintiff avers in his petition no title except that derived through adverse possession. That title, if all other necessary conditions exist, is sufficient to authorize a suit in equity to remove a cloud from his title. This is expressly decided in *Gardner v. Terry*, 99 Mo. 524. But it is equally well settled in this state that a party claiming the legal title and being out of possession can not invoke equitable jurisdiction to remove a cloud from such title. *Davis v. Sloan*, 95 Mo. 553; *Graves v. Ewart*, 99 Mo. 18.

It appearing, then, that plaintiff was not in possession when he commenced his suit he can not maintain the action.

Objection is made to the character of the judgment rendered. The judgment is an absolute dismissal of plaintiff's bill. The effect of such a decree may constitute an absolute bar to any subsequent suit involving

the same issues. Such a decree should not be rendered except upon a consideration of the merits of the matters put in issue. *Durant v. Essex Co.*, 7 Wall. *loc. cit.* 113.

We must assume that the decree was rendered upon a finding that plaintiff had not such possession of the property as entitled him to equitable relief. The decree should not have been so absolute as to bar an action at law to recover possession, or to enforce any rights he may have, whether legal or equitable, in a subsequent suit. The judgment will, therefore, be modified so as not to operate to the prejudice of plaintiff in the assertion of his rights in other actions. With this modification the judgment is affirmed. BARCLAY, J., does not sit. The other judges of this division concur.