ANNA L. MAXEY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 9, 1902.

1. **Street Railways: STATION: INSTRUCTIONS.** While the use of the word "station" to designate a street corner, where a street railway stops to let off and take on passengers, is somewhat out of the ordinary, it is held a harmless misnomer.

2. ———: **PASSENGERS: LETTING OFF AND TAKING ON PASSENGERS.** A street railway may stop to let off passengers and be justified in refusing to take others on, but where a person stops in the street beside the track at a place where the cars stop for passengers, he is justified in assuming that the stop is made in response to his signal and the employee should so assume, and if passengers are not to be taken on, such person should be so informed if he attempts to get on.

3. ———: **NEGLIGENCE: INSTRUCTION: PLEADING AND EVIDENCE.** The pleading and evidence embraced the negligence of both the conductor and gripman in starting a street car, and objections to the use of the plural form, "employees," in an instruction, is held unsound.

4. ——: ——: ACCIDENT: INSTRUCTION: PLEADING AND EVIDENCE. The pleadings charged negligence and contributory negligence. The evidence tended to show both. Held, that defendant was not liable if the injury sued for was merely the result of an accident or of the combined negligence of both plaintiff and defendant, and hence, the definition of the word "accident" as not caused by the negligence of defendant, is fatal error.

5. ——: ——: TAKING ON PASSENGERS: WARNING: INSTRUCTION. When a street car stops where a person is standing by its track who attempts to get on, if he can not be taken he is entitled to warning to that effect; such warning should be sufficiently loud for ordinary persons under the circumstances to hear, and an instruction charging the company with negligence if such person does not hear, is error. On giving such warning the company may start its car without negligence unless in the meantime it discovers the party disregarding the warning and in a hazardous position.

6. **Trial Practice:** INSTRUCTIONS: REFUSING AND MODIFYING. A party has a right to the court's judgment on his instructions as he presents them, and if the court modifies his instruction he can object to any and every part of such instruction.

7. **Damages:** MEASURE OF: INSTRUCTION. An instruction on the measure of damages is upheld on the authority of Mirrielees v. Railway, 163 Mo. 470.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Arthur F. Smith, John H. Lucas* and *Frank Hagerman* for appellant.

(1) The court erred in giving plaintiff's instruction one. It submitted the question whether the street was a regular station. Baltimore Traction Co. v. State, 78 Md. 409; s. c., 28 Alt. 397; Creamer v. Railway, 156 Mass. 320; s. c., 31 N. E. 391. The law required the conductor not to take plaintiff on if his car was too crowded (Reem v. Railway, 77 Minn. 503; s. c., 80 N. W. 638) and the submission of this question was erroneous because there was no testimony from which

it could be found that there was a regular station. 2 Pattison's Complete Digest, p. 1766, secs. 513-538. (2) The instruction was erroneous because it created a liability regardless of the fact of whether the car stopped for the purpose of receiving passengers. Schaefer v. Railway, 128 Mo. 64. (3) It submitted the negligence of the gripman, where- as, the instruction should have been limited to the issues of fact made by the testimony. Thompson v. Railroad, 135 Mo. 217. The conductor gave the signal; the gripman did not and could not see what was going on at the back platform, and there was no evidence of his negligence. There was, therefore, error. Covey v. Railroad, 86 Mo. 635; McCarty v. Rood Hotel Co., 144 Mo. 397. (4) The court erred in refusing defendant's instruction one, and giving it in modified form. Henry v. Railroad, 113 Mo. 525, 537, 538; Feary v. Railroad, 162 Mo. 75, 99, 100; Waldhier v. Railroad, 71 Mo. 514; McManamee v.Railroad, 135 Mo. 440; McCarty v. Rood Hotel Co., 144 Mo. 397, 402. The rule of confining a plaintiff to the specific negligence pleaded applies to passenger cases. Price v. Railroad, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 88 Mo. 50; Hite v. Railroad, 130 Mo. 132; Bartley v. Railroad, 148 Mo. 124; Jacquin v. Railroad, 57 Mo. App. 320; Covey v. Railroad, 86 Mo. 635. (5) The court erred in giving modified instruction three. (6) The court erred in giving plaintiff's instruction on damages. Spohn v. Railroad, 116 Mo. 617, 633; Wright v. Jacobs, 61 Mo. 19, 23; Railroad v. Calderwood, 89 Ala. 241; s. c., So. Rep. 360.

*Warner, Dean, McLeod & Holden* for respondent.

(1) Instruction number one, given at the instance of the plaintiff, correctly stated the law. Baltimore

Traction Co. v. State, 78 Md. 409; s. c., 28 Atl. 397; Creamer v. Railroad, 156 Mass. 320; s. c., 31 N. E. 391; Schepers v. Railway, 126 Mo. 673; Meriwether v. Railroad, 45 Mo. App. 534; Barth v. Railway, 142 Mo. 549; Dougherty v. Railroad, 97 Mo. 647; Smith v. Railroad, 108 Mo. 243; Jackson v. Railroad, 118 Mo. 199; Gilson v. Railroad, 76 Mo. 282; Furnish v. Railroad, 102 Mo. 438; Jacquin v. Cable Road, 57 Mo. App. 320; Christian v. Ins. Co., 143 Mo. 468; Linn v. Bridge Co., 78 Mo. App. 119; Baker v. Railroad, 122 Mo. 598; Soldanels v. Railroad, 23 Mo. App. 516; Jennings v. Railroad, 99 Mo. 394; Fairbanks v. Long, 91 Mo. 628; Holmes v. Braidwood, 82 Mo. 610; McGonigle v. Daugherty, 71 Mo. 259; Smith v. Culligan, 74 Mo. 387; Davis v. Brown, 67 Mo. 313; Leabo v. Goode, 67 Mo. 126; Henry v. Railway, 113 Mo. 525; Feary v. Railway, 162 Mo. 75. (2) Appellant further assigns error in the action of the trial court in modifying its instruction number 3 to include the following words: "And that plaintiff heard said warning or instruction." Appellant further urges that it is now entitled to complain of this instruction, as modified and in its entirety. This is not the law. Merrielees v. Railroad, 163 Mo. 470; Fulks v. Railroad, 111 Mo. 335; Swigert v. Railroad, 75 Mo. 475; Murphy v. Railroad, 43 Mo. App. 342; McDonald v. Railroad, 127 Mo. 38; Richmond v. Railway Co., 49 Mo. App. 104. (4) Appellant's objection to plaintiff's instruction upon the measure of damage, is without merit. A similar instruction is found and approved in Merrielees v. Railway, 163 Mo. 470.

ELLISON, J.—Plaintiff complains of a personal injury which she charges was brought about by the negligence of defendant's servants in operating one of its cable street cars. She obtained judgment in the trial court.

It appears that she and three companions, intend-

ing to take passage on defendant's approaching car, signaled it to stop by walking out into the street and stopping beside the track at a street corner, which was the usual place of taking on and letting off passengers. The car stopped, plaintiff and her companions thinking to let them get on, though defendant's conductor said it stopped on his signal to let a passenger off, and that the car was crowded and he did not intend to take any on. At any rate, one of plaintiff's companions got onto the platform and plaintiff following had got upon the lower of the two steps leading to the platform, with one foot, and had raised the other foot from the ground when the conductor signaled to the gripman to go ahead. The sudden movement of the car jerked plaintiff backward off of the step, but she held on to the handrail of the platform and thus ran with the car, afraid to let go, until at about the middle of the block it was running too fast for her (or she became too weak) longer to maintain her hold and she was thrown violently onto the street, inflicting the injuries of which complaint is made.

The principal errors complained of relate to the instructions. The first instruction for plaintiff submitted to the jury whether the corner of the street where the car stopped was "a regular station" for receiving and discharging passengers; and whether defendant's "employees" in charge of the car negligently started the car while plaintiff was in the act of getting on. The objections to these submissions are that there was no allegation, or evidence, of the place where the car stopped being a regular station. It is somewhat out of the ordinary to call a mere street corner in a city, a station. We, however, regard the word, in the connection used, as meaning "place," and so understood there was no harm in the misnomer.

But it is suggested that the instruction, by the words, "regular station," in the connection used, created a liability against defendant, regardless of the

fact whether the car stopped for the purpose of *receiving* passengers. A street car company may become liable to a party seeking to become a passenger, even though it did not stop to take on passengers. We concede that the car may stop to let off a passenger and be justified in refusing to take on others for some sufficient reason, such as being already sufficiently filled, or, perhaps, being behind regular time and another car closely following, and the like. Yet, while the company has this right, a person desiring to get on, who goes out into the street and signals (as by standing by the track) at a place where the car stops for passengers, is justified in assuming that the stop then and there made, is made in response to his signal (or for the double purpose of letting passengers off and taking him on), and the company's servants (being presumed to have ordinary sense), will be charged with a knowledge of such assumption of the person desiring to get on, and if for any reason it is not desired to receive such person as a passenger, it is the duty of the proper servant to warn him if he attempts to get on the car. So, therefore, it can make no difference, up to the time when the person is made aware that more passengers are not desired, whether the car, in point of fact, stopped for the sole purpose of letting a passenger off.

The objection to the word "employees" is that it is said that the evidence only tended to show negligence in the conductor, while the instruction using the plural, submitted negligence of the gripman. We do not regard the criticism as sound for the reason that the pleading and evidence embrace negligence of each; negligence of the conductor in signaling to start while plaintiff was in the act of stepping on, and negligence of the gripman in the manner of starting by unnecessarily sudden and abrupt jerk of the car.

The defendant asked the following instruction, with the words in italics omitted. The court refused it

as asked, but inserted the words in italics and gave it in that form over defendant's objection, viz.: ''You are instructed that if you find plaintiff's injuries, if any, were merely the result of an accident, *that is, not caused by any negligence on the part of the defendant's servants or employees,* then plaintiff can not recover and your verdict must be for defendant.'' The instruction as asked was proper and it should have been given under authority of the following cases, where a like one was approved. Henry v. Railroad, 113 Mo. 525; Feary v. Railroad, 162 Mo. 75, 99.

But, as amended by the court, it is defended on the ground that the amendment only inserted that which the cases just cited determined it to mean unamended. That is, that the amendment only expressed in words, what those cases said was understood. The objection made to the instructions in those cases came from the *plaintiffs* and the reasoning in the cases must be understood in that light, if that fact should make any difference in the construction placed upon them. Personal injuries happen by inevitable accident; by the accused party's negligence; by the injured party's negligence; or, by the combined negligence of both. If it happens from the first, third or fourth cause, no liability attaches to the party charged. The plaintiffs, in objecting to the instructions in those cases, could not complain of any omission in their own favor. Thus, as interpreted by the court, the words, ''mere accident,'' were held to mean, or to be equivalent to, the words, ''not by defendant's negligence.'' The instruction thus understood, omits a consideration of the injury happening from the combined negligence of plaintiff and defendant. An omission of which, manifestly, the plaintiff could not complain and of which the court, of course, could take no notice in plaintiff's behalf. But this is not true when the defendant is the complaining party. For the omission is vitally harmful to defendant, since, by direct implication, it makes

a liability if defendant has been negligent notwithstanding the plaintiff may also have been negligent, the combined negligence causing the injury.

In this case the negligence charged against defendant was denied, and it, in turn, charged plaintiff with contributory negligence. There was evidence tending to support both charges. The jury may have believed that the injury happened by defendant's negligence, but may have further believed that plaintiff was also guilty of negligence contributing thereto; yet, the instruction, by including the former and omitting the latter hypothesis, impliedly directed or authorized a verdict for plaintiff, if defendant was negligent, although plaintiff may have also been at fault. The instruction, as amended, directed the jury to find for defendant if they believed it had not been negligent, which, stated conversely, would say to find against defendant if they believed it had been negligent; whereas, liability does not necessarily follow defendant's negligence, since plaintiff's negligence would neutralize defendant's, and leave her without right to recover. If the injury was caused without negligence on the part of either party, it was a mere accident; a condition of case which the defendant had a right to submit to the jury, and it was error in the court to so shape the instruction that defendant's exculpation would depend solely on its being free from negligence.

Defendant complains of the following instruction, which was modified by the court by interlining the words in italics: "You are instructed that if the car was not stopped for the purpose of permitting the plaintiff to become a passenger thereon, but for some other purpose, and that plaintiff was warned or directed by the conductor not to take the car in question, because it was already sufficiently loaded, *and that plaintiff heard said warning or direction,* and that notwithstanding such warning or direction, plaintiff attempted to get on the car, and while doing so fell there-

from and received her injury, if any, then plaintiff can not recover and your verdict must be for defendant.''

The plaintiff charged the conductor with negligence in starting the car while she was in the act of stepping on the step of the platform. We have already seen that in certain situations, such as a car fully loaded, the conductor has a right to refuse to receive more passengers, and, therefore, to warn those seeking passage to keep off. It is, therefore, clear that if the conductor warned plaintiff in a tone of voice loud enough for her to hear, he was not guilty of negligence, even though she did not hear; unless he saw that she did not heed him and was in such position as that his starting up was reasonably certain to injure her. It was error to make the conduct of the conductor, as to care or negligence, depend upon whether plaintiff heard him. His act should not be characterized by the degree of plaintiff's hearing or attention. If he gave the warning in a voice sufficiently loud to arrest the attention of an ordinary person, he, in that particular respect, was not guilty of negligence. And if he signaled for starting the car without discovering that she had disregarded his warning and had put herself in a hazardous position, he should not be held to have been negligent.

But, if we understand plaintiff's position correctly, it is insisted that while defendant can object to the refusal of the instruction as asked, yet, as to the instruction as given, it can only complain of the part amended. If this was a correct statement of the law, defendant's objection is still well taken, as we have just shown. But plaintiff's position is not correct. A party has the right to the court's judgment on his instruction as he presents it. Meyer v. Railway, 40 Mo. 151; Bank v. Cooper, 40 Mo. 169; Allen v. Mansfield, 82 Mo. 688; Swigert v. Railway, 75 Mo. 475. And if the court alters it in any material particular against his protest, then he is no longer responsible for any

part of it, and if he excepts to its being given, as modified, as was done in this case, he may complain of all or any part thereof, just as though it had originated with the opposite party.   And he may do this notwithstanding it was improper as offered.   When a party's instruction is refused, any other given is an independent and disconnected act.

Defendant complains of the instruction as to the measure of damages. But as, in the respect complained of, it seems to be supported by that given and approved in Mirrielees v. Railway, 163 Mo. 470, we need do no more than refer to that case.

For the reasons stated, the judgment will be reversed and the cause remanded.   The other judges concur.