J. E. BROWN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1904.

1. **RAILROADS: Killing Stock: Evidence.** A plaintiff in an action against a railroad for killing stock is not compelled to establish his case by direct proof, but may do so by such circumstances as will justify the necessary inferences.

2. ——: ——: **Trespassing: Consent of Landowner.** Where the plaintiff's horse, for killing which he sues, was pastured upon the land of the adjoining proprietor with his consent, the railroad company owes him the duty to keep a lawful fence and will be liable for injuries to his horse by failure so to do.

3. ———: ———: **Instructions: Pleading.** A reference in an instruction to the pleadings where the facts necessary to be found are fully told in other instructions, will not warrant a reversal.

4. ———: ———: **Attorney's Fee: Constitution.** Section 1107, Revised Statutes 1899, authorizing the taxation of an attorney's fee in cases where the plaintiff recovers against a railroad for killing stock, has been decided unconstitutional by the Supreme Court in Paddock v. Missouri Pacific Railway Company, 155 Mo. 520.

Appeal from Randolph Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED, *si.*

*Geo. P. B. Jackson* for appellant.

(1)   There was no proof that the horse in question was frightened by an engine and by reason of such fright ran into the fence and was killed. Briggs v. Railroad, 111 Mo. 168-175; Perkins v. Railroad, 103 Mo. 52; Yeager v. Railroad, 61 Mo. App. 594.   (2)   All the evidence shows that the plaintiff's horse passed onto the railroad from the pasture of one Lusk, and there was no proof that the horse was in the pasture by Lusk's permission. Geiser v. Railroad, 61 Mo. App. 459, 463; Ferris v. Railroad, 30 Mo. App. 122, 124.   (3)   The trial court committed error when by its instructions it referred the jury to the pleadings to ascertain what the issues were. Dassler v. Wisley, 32 Mo. 498-501; Grant v. Railroad, 25 Mo. App. 227-232; Remmler v. Shenuit, 15 Mo. App. 192-196; Butcher v. Death, 15 Mo. 272-274; McGinnis v. Railroad, 21 Mo. App. 399-413; Coal Co. v. Railroad, 35 Mo. 84; Proctor v. Loomis, 35 Mo. App. 482-488.   (4)   The court erred in assuming to make an assessment of attorney's fee, either with or without a jury, on the 20th of September, after having received a verdict and entered final judgment in the case on the 19th of September, and especially after having

refused by the amendment of the plaintiff's instruction to allow the original jury in the case to make an assessment of a reasonable attorney's fee. R. S. 1889, secs. 2206 and 2213; Sater v. Hunt, 61 Mo. App. 228; Marble Co. v. Bauman, 55 Mo. App. 204, 211; McCord v. McCord, 77 Mo. 166, 175; Lumber Co. v. Hoos, 67 Mo. App. 264, 276; Cox v. Bright, 65 Mo. App. 417, 422; Beshears v. Banking Assn., 73 Mo. App. 293, 298; Mooney v. Kennett, 19 Mo. 551; Nuckolls v. Irwin, 2 Neb. 60; Freeman on Judgment, sec. 104a.

*Wight & Woods* for respondent.

(1) There was ample evidence to support the verdict and the court properly overruled the demurrer asked by defendant at the close of all the evidence. Haferty v. Railroad, 82 Mo. 90; Blewett v. Railroad, 72 Mo. 583; Keltenbaugh v. Railway, 34 Mo. App. 147; Combs v. Railroad, 58 Mo. App. 467; Dilly v. Railroad, 55 Mo. App. 123; Harbeston v. Railroad, 65 Mo. App. 160; Blewitt v. Railroad, 72 Mo. 583; Taylor v. Penquite, 35 Mo. App. 403; Gaines v. Fender, 82 Mo. 509. (2) Appellant's contention that there was no proof that the horse was in the pasture of one Lusk with his permission is without merit as the uncontradicted testimony of several witnesses was that the stock of Murphy and Lusk passed back and forth from one pasture to the other by mutual consent and Murphy's own testimony is that plaintiff's horse was in his pasture with his knowledge and consent. (3) There is no merit in appellant's contention that the attorney's fee was illegally taxed.

BROADDUS, J.—On December 3, 1900, this cause was affirmed in this court. On the 12th day of said month a motion for rehearing was filed on the ground that the decision was in conflict with a controlling decision of the Supreme Court, to-wit: Paddock v. Railway, 155 Mo. 524, wherein it was held that section 2613, Re-

vised Statutes 1889 (section 1107, Revised Statutes 1899), that provided for an attorney's fee in case the owner of live stock should be compelled to sue for damages to such stock injured or killed, occasioned by reason of the failure of a railroad company to fence its tracks, as provided by law, was unconstitutional. On the 17th day of December, 1900, said motion was sustained and the cause certified to the Supreme Court. At the April term of said Supreme Court an opinion was handed down wherein the court held that it did not have the jurisdiction of the cause; that notwithstanding the section in question was unconstitutional, it could not avail the defendant as it was not "timely and properly invoked in the trial court," and ordered the cause remanded to this court.

This is an action for damages brought under the provisions of section 2612, Revised Statutes 1889, to recover the value of plaintiff's horse which escaped onto defendant's right of way at a place where there was not a lawful fence, was frightened by a passing train and run into a barbed wire fence and was killed. In a trial below, plaintiff recovered $25 for the loss of his horse and $25 attorneys' fee, and defendant appealed.

"1. A great part of defendant's brief and argument is taken up with the contention that the evidence failed to make a case for plaintiff and that the court should have given a peremptory instruction for defendant. It seems that plaintiff was stopping or boarding with a farmer by the name of Murphy whose pasture adjoined the defendant's right of way on the north. With Murphy's consent plaintiff had his horse in this pasture. Immediately on the west of Murphy's land one Lusk had a pasture; but between these there was no division fence, and the stock, by common consent, was allowed to pass from one pasture to the other. Plaintiff was in the habit of feeding his horse morning and evening, but on the morning of October 15th, the horse was missing and plaintiff found the animal dead

on the defendant's right of way. After an investigation it was discovered that the horse had run into a barbed wire fence which so cut and lacerated his throat that he died from loss of blood. The testimony of plaintiff and some of his witnesses tended to show that the horse got upon the track where Lusk's pasture joined the right of way and where the fence was defective, went from there along the track on a run until he got upon a dump or fill and then jumped or slided down and onto the fence where he was fatally injured. From there, the evidence showed the animal walked down the right of way a short distance where he was found dead. The evidence of both parties coincides as to where the horse was injured but disagrees as to where he got upon the right of way—that of the defendant tending to prove that the horse was scared into or driven upon the fence where he was injured, from the pasture side, while that of the plaintiff tended to prove that the animal got upon the railroad at another point and was frightened and caused to run into the wire fence further east. It is true that there was no direct evidence that the horse was frightened by a passing engine and thereby caused to run into the wire fence, neither did any witness testify that he saw or heard any train pass on the night when the animal was killed. The facts and circumstances detailed in evidence however tend to establish that such was the fact. It was shown that trains were due to pass during that night, and the jury might reasonably infer that one or more trains did pass. Plaintiff's witnesses also testified to having seen the horse's tracks along the right of way from the place where he got over the defective fence, indicating that he jumped and ran down the railroad track until he got upon a high fill or embankment, and that from there he jumped or slided down the side thereof and into the wire fence where he was badly cut and killed. These are circumstances from which the jury might reasonably infer that the animal got upon the track and

was frightened into the fence by a passing locomotive. The plaintiff was not compelled to establish this by direct proof; it was sufficient to prove such circumstances as justified the inference. See authorities cited in plaintiff's brief.

"The contention that because plaintiff's horse got upon the defendant's right of way from Lusk's pasture he could not recover, is based on a misapprehension of the testimony. While it is true that plaintiff's horse was being pastured by Murphy, yet, as already stated, the latter's pasture and that of his neighbor Lusk were adjoining and there was no partition fence between them; it had been removed for the time being, preparatory to opening a public road; and by mutual consent of these adjoining proprietors the stock was allowed to pass back and forth from one pasture to the other. This is shown by the uncontradicted evidence in the case. The plaintiff's horse was not then trespassing on the premises of Lusk, but was there by the latter's consent. Under all the cases then, the defendant owed the plaintiff the duty of maintaining a lawful fence at the point in question. It was sufficient to prove that the horse was on the premises by and with the consent of Lusk, the owner. Geiser v. Railway, 61 Mo. App. 459-63, and cases cited.

"II. The instructions have been examined and found to intelligently cover every branch of the case. The criticism that they refer the jury to the pleadings to ascertain the issues is unmerited. The only reference to the pleadings is found in plaintiff's first instruction and there it was entirely harmless. The reference was there made for the mere purpose of shortening a description and could not possibly do the defendant any harm—especially as the other instructions fully and completely told the jury what were the facts necessary to be found. Edelmann v. Transfer Co., 3 Mo. App. 503-06.

When the jury returned a verdict for the plaintiff for his damages, the court taxed against defendant a fee of $25 as provided by section 2613, Revised Statutes, 1889—now section 1107. At the March term, 1899, the Supreme Court in Paddock v. Railway, reported in 155 Mo. 520, declared that said provision for taxing an attorney's fee was unconstitutional and void. The decision refers to section 2612, but that is a clerical mistake as that section only gives a right of action for damages to the owner of stock killed or injured by reason of the failure of railroad companies to maintain lawful fences inclosing their railroad tracks.

Notwithstanding the Supreme Court. returned the case to this court for the reason given, we are of the opinion that it is our duty—the section of the statute under which an attorney's fee was taxed against defendant being invalid—to relieve defendant of that part of said judgment. The section having been declared invalid it is to be regarded in law as if it had never existed. It was therefore error in the trial court in taxing an attorney's fee against defendant.

If the plaintiff will enter a remittitur of $25 taxed as attorneys' fee within twenty days, the cause will be affirmed; otherwise, it will stand reversed and remanded. All concur.