W. S. WEBB, Appellant, v. THOS. S. BALDWIN et al., Respondents.

St. Louis Court of Appeals, May 7, 1912.

1. INSTRUCTIONS: Refusal: Cautionary Instructions. It was not error, prejudicial to plaintiff, to refuse an instruction offered by him, directing the jury "to consider the evidence of defendant's verbal admissions with caution," where the evidence of such admissions was given solely by plaintiff, inasmuch as he was helped, not hurt, if the jury accepted the evidence too freely.

2. ———: ———: ———: Clerical Errors. Where there was evidence of admissions made by both plaintiff and defendant, but the evidence of the admissions by defendant was given solely by plaintiff, the court, in refusing an instruction offered by

plaintiff, that the jury should "consider the evidence of defendant's verbal admissions with caution," could not be convicted of error, on the ground it was intended to refer to plaintiff's admissions, inasmuch as the court had the right to treat it according to its face value to the party offering it, which was nothing.

3. ——: ——: ——. A judgment will not be reversed because of the refusal to instruct that evidence of verbal admissions should be received with caution.

4. ——: **Referring to Pleadings: Harmless Error: Fires: Negligence.** The fact that an instruction refers the jury to the pleadings is not reversible error, where the facts necessary to be found are fully stated in other instructions; and hence, in an action for negligently setting out a fire, an instruction for defendant, that plaintiff "must prove defendant was negligent in one or more of the particulars set out in the petition," was not erroneous, as referring the jury to the petition, where an instruction given for plaintiff fully and correctly dealt with all the allegations of negligence set out in the petition.

5. **FIRES: Negligence: Instructions.** In an action for the destruction by fire of plaintiff's grain, alleged to have been caused by defendant's negligence in operating a threshing machine engine, an instruction given for plaintiff *held* to fully and properly deal with all the allegations of negligence stated in the petition.

6. **NEGLIGENCE: Accident: Instructions: Evidence Warranting Submission of "Accident" Instruction.** An instruction, in an action for the negligent destruction of plaintiff's grain by fire, that if the jury believed the fire was the result of mere accident or casualty and not of negligence on the part of defendant, they should find for defendant, was not erroneous on the ground suggested by plaintiff, that there was no evidence the fire occurred through casualty or accident, since the injury must have happened by inevitable accident or through somebody's negligence, and the jury, if not convinced by the evidence that some one was negligent, might well have found that the injury happened through inevitable accident, although there was no proof that it did so happen, especially in view of the fact that the cause of the fire was established, if at all, only by inferences from disputed circumstances.

7 **DEFINITIONS: "Accident:" "Casualty."** The words "accident" and "casualty" are synonyms.

8. **NEGLIGENCE: Presumptions.** In the absence of contrary proof, the law indulges a presumption against the existence of negligence.

165 Mo. App.—16

9. INSTRUCTIONS: Singling Out Issue. An instruction which singles out as a controlling issue that which is not so in fact is erroneous.

10. ———: ———: Difference Between Plaintiff's and Defendant's Instructions. Plaintiff and defendant occupy different positions, with respect to instructions, where there are two issues in the case both of which plaintiff must affirmatively establish in order to recover. The instructions for plaintiff in such a case, which purport to state what it is necessary for him to prove, should lay equal stress upon both issues, otherwise the jury may be misled to defendant's prejudice; but, in order for defendant to prevail, he need meet and overcome plaintiff's evidence as to only one of such issues, and if his instructions lay stress on the necessity of plaintiff's proving one issue only, treating the other as not so important for plaintiff to prove, he is merely taking the risk of aiding plaintiff, and his instructions are, therefore, not prejudicial to plaintiff.

11. FIRES: Negligence: Instructions: Singling Out Facts. In an action for damages for the destruction by fire of plaintiff's stacks of grain while they were being threshed by defendant's threshing machine, the court instructed that if an ordinarily prudent threshing machine man would not, under the circumstances shown, have used a spark arrester on the engine, the jury could not find defendant negligent in failing to use such spark arrester, and also charged, in another instruction, that the fact that the fire which destroyed the grain was set out by sparks from defendant's engine was a fact which plaintiff must prove by the greater weight of the evidence, along with other facts necessary to entitle him to recover. *Held*, that the instructions did not single out particular facts in issue and give them undue prominence, each instruction having merely distinctly pointed out one of the issues and instructed separately thereon; *held, further*, that the last instruction was not erroneous for not stating what other facts were necessary to be proven to entitle plaintiff to recover, inasmuch as such other facts were pointed out in the other instructions.

12. INSTRUCTIONS: Questions of Fact: Indicating Opinion of Judge. An instruction should not indicate the judge's opinion on a question of fact necessary for the jury to decide.

13. NEGLIGENCE: Instructions: Submitting Issue not Pleaded: Harmless Error. In an action for damages for destroying plaintiff's stacks of grain while they were being threshed by defendant's threshing machine, an instruction given for defendant, that if certain facts were found to be true, the jury should not find defendant negligent in providing and using such machine, was not prejudicially erroneous, on the ground it injected into

the case a theory of negligence not pleaded, inasmuch as plaintiff's right to recover under the theories of negligence pleaded was not affected by it.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*James P. Boyd* and *Frank W. McAllister* for appellant.

(1) Instruction No. 3 offered on the part of plaintiff was in the usual form which has been approved by the courts of this state and should have been given. 1 Greenleaf on Evidence, p. 200; State v. Glahn, 97 Mo. 693. (2) Defendant's instruction No. 1½ is erroneous and has been disapproved by the courts of this state so frequently that appellant feels it is scarcely necessary to discuss it. Magrane v. Railroad, 183 Mo. 131; Jordon v. Railroad, 202 Mo. 428; Pandjiris v. Hartman, 196 Mo. 547; McGinnis v. Railroad, 21 Mo. App. 413; Proctor v. Loomis, 35 Mo. App. 488. (3) Instruction No. 3 should not have been given in this case. McCarty v. Railroad, 30 Pa. 247; Railroad v. Car Co., 139 U. S. 79; 2 Words and Phrases, p. 1003; Gelvin v. Railroad, .216 Mo. 209. (4) Instructions which single out facts for emphasis or leave out of view other relevant facts, are erroneous. Giblan v. Railroad, 129 Mo. App. 102; Gage v. Mears, 107 Mo. App. 147. (5) Defendant's instruction No. 5 is erroneous because it submits an issue outside of the pleadings in this cause. Glass v. Gelvin, 80 Mo. 297.

*Harry J. Libby, Guthrie & Franklin* and *Thos. F. Hurd* for respondents.

(1) Defendant instruction No. 1½ was not erroneous as referring the jury to the pleadings to ascertain the issues. It has been frequently held: (a) That where mere reference is made to the pleadings in an instruction, for the purpose of brevity, it is not error. (b) That where the other instructions fully present the issues to the jury there is no error. This plaintiff's and defendants' other instructions fully did. Sherwood v. Railroad, 132 Mo. 339; Bradford v. Railroad, 136 Mo. App. 711; Edelman v. Transit Co., 3 Mo. App. 506; Allen v. Springfield, 61 Mo. App. 273; Lackland v. Railroad, 101 Mo. App. 428; Brown v. Railroad, 104 Mo. App. 691; Fischer v. Transit Co., 198 Mo. 591. (2) Defendant's instruction No. 2 was proper, and correctly declared the law. This identical instruction has received the approval of our Supreme Court. Gurney v. Electric Co., 167 Mo. 602. There was no error in the use of the term negligence. The jury were fully advised at to what warranted a recovery for plaintiff, and, contra, what would not. Had plaintiff wished more he should have asked it. Edelman v. Transit Co., 3 Mo. App. 506; Sweeny v. Railroad, 150 Mo. 401; Warden v. Henry, 117 Mo. 545; Main v. Hall, 127 Mo. App. 717; Landrum v. Railroad, 132 Mo. App. 720; Priesmyer v. Transit Co., 102 Mo. App. 518. (3) The court did not err in giving defendant's instruction No. 3 to the jury. This instruction has been too often approved by the appellate courts of the state to be seriously attacked. Groom v. Cavanaugh, 97 Mo. App. 367; Henry v. Railroad, 113 Mo. App. 534; Feary v. Railroad, 162 Mo. 99; Moxey v. Railroad, 95 Mo. App. 309. (4) Defendant's instruction No. 4 was proper and a clear, correct declaration of the law of the case, applicable to this assignment of negligence made by plaintiff's petition

and submitted by its instruction No. 1. It did not single out one particular fact at issue and place undue prominence upon it. Where the petition makes several assignments of negligence, it is proper in the instructions to analyze the negligence into its constituent parts, and eliminate them one by one. There was no error in giving this instruction. Carnozski v. Transit Co., 207 Mo. 279; Wilkins v. Railroad, 101 Mo. 93; Stanley v. Railroad, 114 Mo. 619; McMahon v. Express Co., 132 Mo. 641; Quirk v. Elevator Co., 126 Mo. 291; Chrismer v. Telephone Co., 194 Mo. 207. (5) Defendant's instruction No. 4½ is not subject to the criticism urged against it by appellant, and the cases cited by him are inapplicable to this instruction and do not sustain his contention. The instruction was proper in telling the jury that the plaintiff must prove that the fire was set out by a spark escaping from defendant's engine. It is not error to tell the jury what facts must be found by them to authorize a recovery. In fact, this is the very object and purpose of instructions. Fitch v. Railroad, 45 Mo. 326; Polhans v. Railroad, 45 Mo. App. 157; Wise v. Railroad, 85 Mo. 185; Coale v. Railroad, 60 Mo. 231; Lead Co. v. Railroad, 123 Mo. App. 407; Peffer v. Railroad, 98 Mo. App. 291. (6) The court did not err in giving defendant's instruction No. 5. This was entirely within the issues raised, and proper. Chrismer v. Telephone Co., 194 Mo. 208; Brands v. Car Co., 213 Mo. 707; Minnier v. Railroad, 167 Mo. 113; Blanton v. Dold, 109 Mo. 66; Joseph v. Railroad, 129 Mo. App. 603.

STATEMENT.—Action to recover damages for the destruction by fire of plaintiff's wheat and oats in stack, it being alleged that while defendants were engaged in threshing the wheat and oats for and at the instance of plaintiff, they negligently caused sparks to escape from the threshing machine engine and to

fly upon the stacks and ignite them. The specific acts of negligence alleged in the petition are: (1) negligently placing the engine with reference to the stacks being threshed and the wind that was blowing; (2) negligently using and operating the engine without using a spark arrester thereon; (3) negligently and unskillfully running, managing and operating the engine and separator and the appliances thereto belonging.

The defendants answered separately, defendant Gard Baldwin, being a minor, by his guardian *ad litem*. Defendants Vane and Bard Baldwin admitted that they owned and operated the threshing machine at the time of the fire and that at the instance of the plaintiff they were engaged at the time in threshing his wheat and oats for the plaintiff, and that while they were engaged in the threshing of said grain, plaintiff's stacks took fire and were partially destroyed; but the defendants aver that the fire was communicated to the stacks by means to the defendants unknown and was not communicated from the engine operating the threshing machine. These defendants then deny plaintiff's allegations of negligence, and deny each and every allegation in the petition contained, not by the answer specifically admitted. The separate answer of defendant Thomas S. Baldwin contained a general denial and made no admissions.

A trial being had, the case was submitted to the jury upon the evidence adduced and the instructions of the trial court, the jury returned a verdict for the defendants, and a judgment was entered thereon. The plaintiff, having unsuccessfully moved for a new trial, duly prosecuted his appeal to this court.

It is unnecessary to set forth the evidence or the facts which it tended to establish. It is sufficient to say that plaintiff's evidence tended to prove that the defendants owned and operated the threshing machine and engine in question and were negligent in the three particulars specified in the plaintiff's petition;

while, on the other hand, the defendants' evidence tended to prove that the defendant Thomas S. Baldwin had no share in the ownership or operation of the machine, and tended to prove that none of the defendants was guilty of negligence in any of the respects mentioned. None of the witnesses was able to testify directly as to what started the fire, nor even that sparks flew out of defendants' engine, but plaintiff's case depends in this respect upon inferences to be drawn from circumstances which his evidence tends to prove, such as, that defendants used a fuel calculated to make sparks; that the wind blew over the engine in the direction of the stack, etc. Defendants' evidence strongly tended to disprove the existence of such circumstances and to prove that a man was smoking a pipe in the stack yard about the time the fire started. Plaintiff testified that, after the fire, defendant Gard Baldwin came running up to him and said, "My fire run down and I filled it up full of old rails and God I burned up everything." On the other hand, several witnesses testified on behalf of defendants that the plaintiff had stated that he did not blame the defendants; that they did not owe him anything; that it was his own fault because he had so stacked his grain as to force the engine too close to the stack and had stacked too much grain in the one stack yard, etc.

We may add that there was substantial evidence upon which to base the giving of all the instructions that were given by the court. These instructions, so far as they bear on the points involved in this appeal, are here set forth. At the request of plaintiff the court gave the following instruction:

"1. The court instructs the jury that if they find from the evidence in the cause that on or about the 16th day of August, 1909, the defendants, with the consent of plaintiff, undertook to thresh for plaintiff his crop of wheat and oats and belonging to plaintiff, if such is the fact, and that while so engaged in thresh-

ing the same, fire was communicated to some of plaintiff's unthreshed wheat and oats by sparks escaping, if such is the fact, from the steam engine in use by defendants in such threshing, and that plaintiff's said wheat and oats were wholly consumed by fire so communicated, if so the jury find, and that the communication of fire to plaintiff's said wheat and oats and the burning of the same, if so the jury find, was directly caused by the failure, if any, of the defendants to exercise ordinary care either in placing said steam engine with reference to plaintiff's said wheat and oats and the way the wind was blowing, or in operating said steam engine without a spark arrester, or in running and operating said steam engine while threshing plaintiff's said wheat and oats, your verdict should be for the plaintiff, and you should assess his damages at such sum or sums as you may find from the evidence in the cause the said wheat and oats so burned, if so the jury find, were reasonably worth at the time and place it was so burned, not to exceed the sum of eight hundred dollars, and in this connection you are instructed that by ordinary care, as used herein, is meant such care as a person of ordinary prudence would use under like or similar circumstances to those shown in evidence.''

The court refused to give the following instruction offered by the plaintiff:

''III. The court instructs the jury that in weighing the evidence you should consider the evidence of verbal statements and admissions of the defendant, if any, with care and caution, taking into consideration the liability of the witnesses to misunderstand and to misquote the words used by defendant in such conversations, if any.''

At the request of defendant the court gave the following instructions:

"1½. On the part of the defendants the court instructs the jury that in this case the burden of proof devolves upon the plaintiff, and he must prove that the defendants were negligent in one or more of the particulars charged in the petition, and that because of such negligence, if any, sparks of fire escaped from defendants' engine and destroyed plaintiff's grain, and unless plaintiff has proved these facts by the greater weight of the evidence, your verdict must be for the defendants."

"2. The jury are instructed that the charge of negligence made by plaintiff against defendants by this action must be proved to the satisfaction of the jury by the greater weight of the evidence. The jury have no right to presume negligence and if the evidence does not preponderate in favor of plaintiff, then your verdict should be for defendants."

"3. The court instructs the jury that if they believe from the evidence that the fire which destroyed plaintiff's grain was the result of mere accident or casualty, and not of negligence on the part of defendant, then your verdict must be for defendants."

"4. If the jury find and believe from the evidence that an ordinarily prudent threshing machine man, would not, at the time and place, and under the circumstances shown in the evidence have used a spark arrester on the engine, then you cannot find defendants negligent in failing to use such spark arrester."

"4½. That the fire which destroyed plaintiff's grain was set out by sparks escaping from defendants' engine, is a fact that plaintiff must prove by the greater weight of the evidence along with all the other facts necessary to be proved by him to entitle him to recover in this action."

"5. If the jury believe from the evidence that the engine used by defendants to thresh plaintiff's grain, was one of the late models, J. I. Case engine, and one of the latest improved style and patterns, and was

equipped in a reasonably safe manner for threshing grain, and was such an engine as was in general use by ordinarily prudent threshing machine men, and was one such as is usually and ordinarily provided by reasonably prudent men for threshing grain, then you cannot find defendants negligent in providing and using said engine.''

CAULFIELD, J. (after stating the facts).—I. The trial court did not err in refusing to give plaintiff's instruction No. 3 telling the jury they should consider the evidence of *defendant's* verbal admissions with caution. Plaintiff would have been helped, not hurt, if the jury too freely accepted the evidence (it consisted solely of plaintiff's own testimony) of *defendant's* admissions, therefore the refusal of this instruction could not have been prejudicial to the plaintiff. If the instruction was intended to refer to evidence of *plaintiff's* admissions there is nothing to indicate that fact, and the trial court cannot be convicted of error in treating the instruction according to its face value to the party offering it, which was nothing. Besides, there is controlling authority for the proposition that an appellate court will not reverse a case because of the refusal of the trial court to instruct that evidence or verbal admissions is to be received with caution. [State v. Clump, 16 Mo. 385.] We need not pass on the question whether this instruction would have constituted an improper comment on the evidence.

II. Plaintiff contends that the judgment should be reversed because by giving defendant's instructions No. 1½ and No. 2 the trial court referred the jury to the pleadings to learn what the issues were, but we are not so persuaded. Reference in an instruction to the pleadings where the facts necessary to be found are fully told in other instructions will not war-

rant a reversal of a judgment. [Brown v. Railroad, 104 Mo. App. 691, 78 S. W. 273.] In this case the facts necessary to be found were fully told in plaintiff's instruction No. 1, which fully and properly dealt with all the allegations of negligence contained in plaintiff's petition. It may also be said concerning defendants' instruction No. 2, that it does not refer the jury to the petition to ascertain the issues involved, but simply tells them that the burden of proof rests upon plaintiff to establish such issues. [Sherwood v. Railway Co., 132 Mo. 339, 33 S. W. 774.]

III. Nor is there any merit in plaintiff's criticism of the action of the trial court in giving defendant's instruction No. 3. Substantially similar instructions were approved by our Supreme Court. [Henry v. Grand Ave. Ry. Co., 113 Mo. 525, 21 S. W. 214; Feary v. Street Ry., 162 Mo. 75, 62 S. W. 452; Maxey v. Street Ry. Co., 95 Mo. App. 303, 68 S. W. 1063.] It is true that in the instructions so approved, the word "accident" alone occurred and not the words "accident or casualty," but the difference is immaterial as "casualty" is a synonym for "accident." Indeed the instruction in the case at bar is more to be commended as against an objection from the plaintiff than were those which the Supreme Court approved, for it expressly states that the "accident or casualty" must have been without negligence on the part of the defendant, while in the instructions so approved this thought was left to be inferred from the use of the word "mere," the words "mere accident" being held to mean, or be equivalent to, the words "not by defendants' negligence." Plaintiff suggests, however, that there was no evidence in this case that the fire occurred through "casualty or accident," but this suggestion does not meet with our approval. The injury must have happened by inevitable accident, or by someone's negligence. [Maxey v. Street Ry. Co., 95

Mo. App. 303, 309, 68 S. W. 1063.] As the law, in the absence of proof to the contrary, indulges a presumption against negligence, the jury, if not convinced by the evidence that some one was negligent, might well have found that the injury happened by inevitable accident although there was no proof that it did so happen. This should be especially true in this case where the cause of the fire could be established, if at all, only by inference from disputed circumstances.

IV. Nor were defendants' instructions Nos. 4 and 4½ fairly open to the objection that they single out one particular act or fact at issue and place undue prominence upon it. By giving No. 4 the court did no more than point out distinctly to the jury one of the issues of fact formed by the pleadings and instruct them separately on it. This was not error. [Coleman v. Drane, 116 Mo. 387, 22 S. W. 801.]

In instruction No. 4½, the court, in placing the burden of proof upon plaintiff, mentioned one issue particularly and the others generally. If by so doing it had singled out as a controlling issue that which was not one in fact, this would have amounted to misdirection and been error, as, if it had given the impression that it was absolutely necessary to prove one particular ground of negligence and not sufficient to prove any of the others; but it did not do that. The question whether sparks from defendants' engine caused the fire was, from defendants' standpoint, a controlling issue in the case, without proving the affirmative of which, plaintiff could not possibly prevail and all other issues would become unimportant. At the most, this instruction might be said to have singled out as a controlling issue that which was one in fact. If so it was legally correct and plaintiff cannot fairly complain of it.

A plaintiff and defendant occupy different positions where there are two issues in the case, each of

which the plaintiff must establish affirmatively before he can recover. In such case it is as important to plaintiff's right of recovery that he establish the affirmative of one of such issues as that he establish the affirmative of the other, and instructions given at his instance which purport to state what is necessary for him to prove in order to recover should lay equal stress upon both issues or the jury may be misled to defendant's prejudice; but it is different with the defendant. In order that he shall prevail he need meet and overcome plaintiff's evidence as to only one of such issues, and if he lay stress only on the necessity of plaintiff proving one, treating the other as not so important for plaintiff to prove, he is but taking the risk of aiding plaintiff; and of this the latter surely has no just cause for complaint. At least we know of no rule of law which requires defendant, by evidence or instruction, to meet and deal equally with all the issues when it is sufficient that he meet and defeat plaintiff as to one. It is strictly in accordance with the settled practice for him, by evidence and instruction, to direct his defense wholly against any one issue, which plaintiff must prove the affirmative of in order to recover, and for him to ignore the others entirely or deal with them generally as was done here. Of course an instruction should not be so drawn as to indicate the opinion of the judge on a question of fact necessary for the jury to decide, but this instruction does not err in that respect. Neither was it erroneous because it failed to point out to the jury what "other facts" were necessary to be proven by plaintiff in order to entitle him to recover. Such "other facts" were sufficiently pointed out in the other instructions.

V. Lastly, plaintiff complains of defendants' 5th instruction, that it injects into the case a ground of negligence not pleaded, viz., that defendants were neg-

ligent in not providing and using a proper engine. It is sufficient to say of this that plaintiff's right to recover on proof of any of the grounds which were pleaded was not affected by this instruction, nor was the burden upon plaintiff made any greater thereby. At the most it may have tended to give the jury another reason for finding in favor of the plaintiff. The jury was not misled to plaintiff's prejudice.

On the whole we are of the opinion that this cause was fairly tried without substantial error. The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.