## RICHARD CARPENTER, Appellant, v. WILLIAM A. BURMEISTER, Respondent.[*]

St. Louis Court of Appeals. Opinion filed June 18, 1925.

1. **MASTER AND SERVANT: Master's Duty: Scaffolds: Statute: Construction.** Sheathing boards, though subsequently to be used permanently, and though laid upon permanent joists, merely to constitute, at the time, a temporary scaffold for bricklayers, *held* a temporary scaffold within the meaning of section 6802, Revised Statutes 1919, requiring that scaffolds or structures used in or for the erection, repairing or taking down of any kind of building shall be well and safely supported, and of sufficient width, and so secured as to insure the safety of persons working thereon, or passing under or about the same.

2. **INSTRUCTIONS: Instruction not Erroneous as Referring Jury to Pleadings.** An instruction that alleged negligence cannot be assumed or presumed, but the plaintiff, before he can recover, must prove by the preponderance or greater weight of the evidence that the defendant was negligent in the particular manner alleged, *held* not erroneous as referring the jury to the pleadings.

3. ———: **Burden of Proof: Rule Against Referring Jury to Pleadings: Not Applicable.** An instruction on the burden of proof is not erroneous because it refers the jury to the pleadings.

4. ———: ———: **Instruction Not Reversible Error as Referring Jury to Pleadings Where Other Instructions Fully Defined Issues.** An instruction that "alleged negligence cannot be assumed or presumed," but that plaintiff must prove that "defendant was negligent in the particular manner alleged," *held* one on the burden of proof, and while the instruction could be drawn with better avoidance of the rule referring to the pleadings, the giving of the same did not constitute reversible error, and especially is this true since plaintiff was allowed other instructions which fully defined the issues to the jury.

5. **NEGLIGENCE: Res Ipsa Loquitur: Proof of Specific Acts of Negligence: Rule of Res Ipsa Loquitur Not Applicable.** Even though the petition alleges general negligence, if plaintiff offered proof showing specific acts of negligence which caused the injury and asks instructions submitting his right to recover upon specific acts of negligence so proved, the rule of *res ipsa loquitur* goes out of the case.

6. **INSTRUCTIONS: General Negligence Alleged: Proof of Specific Acts of Negligence: Instruction that Negligence Cannot Be Assumed or Presumed not Error.** An instruction that negligence cannot be assumed or presumed and that plaintiff must prove that defendant was negligent in the particular manner alleged, *held* not bad, though the petition alleged general negligence, in view of proof brought into the case by plaintiff which sought to show specific acts of negligence, and more distinctly, plaintiff instructed on specific negligence.

7. **APPELLATE PRACTICE: Instructions: On Appeal Appellant Must Adhere to Theory of His Instructions.** Plaintiff, requesting instructions bottomed upon the theory that the law required defendant to exercise only reasonable caution and care and making no objection to defendant's instruction requiring proof that defendant was guilty of negligence and carelessness before plaintiff could recover, must adhere to such theory on appeal though the petition alleged that defendant was required to exercise the highest degree of care.

8. ——: **Reversals: Error Must Be Prejudicial to Work Reversal.** Error in order to work a reversal of a judgment, must be such as causes harm and prejudice to the losing party and hypertechnical objections are not to destroy substantial justice.

---

*Headnotes 1. Master and Servant, 26 Cyc., p. 115; 2. Trial, 38 Cyc., p. 1608; 3. Trial, 38 Cyc., p. 1608; 4. Trial, 38 Cyc., pp. 1608; 1610, 1785; 5. Negligence, 29 Cyc., p. 592 (Anno); 6. Appeal and Error, 4 C. J., Section 2621; 7. Appeal and Error, 4 C. J., Section 2609; 8. Appeal and Error, 4 C. J., Section 2878.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. George E. Mix*, Judge.

AFFIRMED.

*Foristel, Mudd, Hezel & Habenicht* for appellant.

(1) The structure on which defendant's bricklayers were working when plaintiff was injured, as shown in all the evidence, consisting of sheathing boards laid on the third-floor joists along the west wall, was a "scaffold," within the letter and intendment of the scaffold statute, although intended thereafter, with proper and needed readjustments to be made by the carpenters, to become a permanent part of the roof. R. S. 1919, sec. 6802; Forbes v. Dunnavant, 198 Mo. 193; Loehring v. Construction Co., 118 Mo. App. 163; Deiner v. Sutermeister, 266 Mo. 505; Most v. Goebel Const. Co., 199 Mo. App. 336; Bennett v. Tractor Co., 209 Mo. App. 619. (2) The falling of the brick under the circumstances shown in the evidence, there being no work going on above the door and between the door and the scaffold, nor any other conditions shown to account for the fall of the brick, was sufficient to make a prima-facie case that the brick fell from the scaffold and that the scaffold was not "so secured as to insure the safety of persons passing under the same" as against the falling off of the scaffold of materials and articles thereon. Huber v. Ehlen, 253 S. W. 184; Bennett v. Tractor Co., 209 Mo. App.

619; Johnson v. Railway, 104 Mo. App. 588. (3) De-
fendant's instruction No. 4 stands condemned as an im-
proper reference to the pleadings by the principles of
decision, as declared and applied in the following cases:
Boyd v. Transit Co., 108 Mo. App. 303; Webb v. Carter,
121 Mo. App. 147; Dassler v. Wisley, 32 Mo. 498; Wil-
liams v. Tucker, 224 S. W. 27. (4) The charge in the
petition is negligence in failure to have a scaffold con-
structed as required by the statute. The evidence of that
negligent failure was fully adduced and was before the
jury. Direction, therefore, in an instruction either that
there were or that there could be no presumptions for
consideration of the jury, was erroneous, there being
evidence before the jury of facts on which the law raises
a conclusive presumption of the negligence charged in
the petition. Haycraft v. Grigsby, 88 Mo. App. 354;
Moberly v. Railroad Co., 98 Mo. 183; State v. Swarnes,
241 S. W. 934; McCune v. Daniels, 251 Mo. App. 362. Er-
ror to submit abstract proposition of law. Moran v.
Railroad, 255 S. W. 331.

*Fordyce, Holliday & White* for respondent.

(1) The demurrer to the evidence should have been
sustained because these sheeting boards, referred to in
the evidence as forming a scaffold or a structure, were
part of the permanent building and not "false work"
within the meaning of section 6802 of the Revised Stat-
utes of Missouri 1919. Deiner v. Sutermeister, 266 Mo.
505; Most v. Const. Co., 199 Mo. App. 336. (2) Instruc-
tion No. 4 was proper in view of plaintiff's proof of
specific negligence and plaintiff's instruction No. 2,
which submitted specific negligence to the jury. Un-
der these facts the rule of *res ipsa loquitur* does not
apply. Gibson v. Wells, 258 S. W. 1, 3; Heckfuss v. Am.
Packing Co., 224 S. W. 99, 101.

DAUES, P. J.—This is an action for damages for
personal injuries alleged to have been sustained by plain-

tiff while in the employ of defendant because of defendant's negligence. There was a verdict and judgment in favor of the defendant, from which the plaintiff has appealed.

The petition relies upon the *res ipsa loquitur* doctrine and pleads that the defendant failed to comply with the provisions of the statute on scaffolding, section 6802, Revised Statutes Missouri 1919, whereby plaintiff received injuries.

The answer is a general denial.

There is little dispute on the facts. It appears from the record that the defendant was a bricklaying contractor and had a number of bricklayers engaged in erecting a certain brick building. Four walls had gone up to a point where the bricklayers were "topping off," that is, they were placing the last course on the top of the wall. There were no floors or partitions within the building, but joists had been laid for the first and second floors and for the third floor, or roof. The joists were uncovered, except that on the top joists for the roof sheathing boards had been laid to serve as a scaffold for the bricklayers. This platform, or scaffolding, made with loose sheathing boards, was five or six feet in width and ran approximately the length of the west wall. Bricks and mortar were being deposited upon the boards and the bricklayers would stand upon same to do their work Plaintiff was a hodcarrier, wheeling bricks from the outside through the door in the west wall and up to a hoist. The hoist would then convey the bricks up to the platform or scaffold where the bricklayers were working. Plaintiff adduced proof that the board next to the wall was left away as much as three inches; that the boards were allowed to lap, and one witness stated that "it looked like there must have been a board moved away right over the door." At any rate, it is undisputed that the sheathing boards were not nailed down, but were used at the time solely as a platform for the bricklayers. These boards were the regular sheathing boards for the

roof and were to be used thereafter by the carpenters as the boards for making the permanent roof, but in order to save labor the boards were hauled to the roof joist and used as a platform for the bricklayers, and plaintiff while moving a wheelbarrow of bricks through the door of the west wall was struck by a brick falling from above and was injured. At that time the bricklayers were at work on the scaffold immediately above him on the third floor. One witness testified for plaintiff that he saw the brick fall from above the door and strike the plaintiff on the head.

Plaintiff relies upon but one assignment of error, and that is that the court erred in giving defendant's requested instruction No. 4. The respondent insists that the defendant's demurrer to the evidence should have been sustained because there was no proof of any violation of section 6802, supra, and hence the propriety of defendant's instruction No. 4 need not be considered.

The argument is made by respondent that since the sheathing boards used by the bricklayers were part of the permanent building, laid on the third floor joists inside of the building where they were to be ultimately nailed down permanently, that therefore such sheathing boards could not be considered false work within the meaning of the statute, and that the statute did not apply in any event. Section 6802, Revised Statutes Missouri 1919, is as follows:

"All scaffolds or structures used in or for the erection, repairing or taking down of any kind of building shall be well and safely supported, and of sufficient width, and so secured as to insure the safety of persons working thereon, or passing under or about the same, against the falling thereof, or the falling of such materials or articles as may be used, placed or deposited thereon. All persons engaged in the erection, repairing or taking down of any kind of building shall exercise due caution and care so as to prevent injury or accident to those at work or near by."

This statute required a building to have and maintain scaffolds as to insure the safety of persons working upon same or passing under it. These sheathing boards, though subsequently to be used permanently, and though laid on permanent joists, merely constituted at that time a temporary scaffold for the bricklayers. That such was a scaffold within the meaning of the statute we have no doubt. [Forbes v. Dunnavant, 198 Mo. 193, 95 S. W. 934; Deiner v. Sutermeister, 266 Mo. 505, 178 S. W. 757; Most v. Goebel Const. Co., 199 Mo. App. 336, 203 S. W. 474.]

Instruction No. 4 is as follows:

"This action is based upon the alleged negligence of the defendant, viz., plaintiff claims that the defendant was negligent and careless in certain particulars. That alleged negligence cannot be assumed or presumed, but the plaintiff, before he can recover, must prove by the preponderance or greater weight of the evidence that the defendant was negligent in the particular manner alleged. If he has failed to meet this burden, he cannot recover.

"If in your judgment the weight of the evidence is evenly balanced or preponderates in favor of the defendant, then your verdict must be against the plaintiff and in favor of the defendant."

It is said that this instruction is erroneous, first, because it refers the jury to the pleadings; and, secondly, because it requires a finding of specific negligence, although plaintiff's petition and instruction No. 1 is based on general negligence; that the instruction erroneously directs that "negligence cannot be assumed or presumed" under the facts and circumstances of this case.

It will be observed that the instruction does not refer to the "petition," nor to the "pleadings," but refers to the negligence "in the particular manner alleged, etc." However, as we view this instruction, it is one upon the burden of proof. It has been held that it is not error in all cases and under all circumstances

to refer the jury to the pleadings in an instruction, though of course the rule is well settled that an instruction may not refer the jury to the pleadings for the issues involved. This is the general rule. When the instruction is one merely on the burden of proof this rule has no application.

In Williams v. Tucker, 224 S. W. 21, this principle is conceded in the majority opinion and is exhaustively discussed in the dissenting opinion by STURGIS, P. J. While the majority opinion in that case held the instruction there submitted to be vulnerable, it was conceded that an instruction on the burden of proof is not erroneous because it refers to the pleadings. The instruction in the instant case seems to be a stereotyped instruction given in the circuit comprising the city of St. Louis, as it is a rescript of instructions in other cases that have come to this court. While the instruction could be drawn with better avoidance of the rule against referring pleadings, we think the giving of same in the present form does not constitute reversible error. Especially is this true since plaintiff was allowed other instructions which fully defined the issues to the jury. [Lackland v. Railroad, 101 Mo. App. 420, 74 S. W. 505. See also: Brown v. Railroad, 104 Mo. App. 691, 78 S. W. 273.]

Some of the authorities to sustain us are briefly referred to. In Sherwood v. Railroad, 132 Mo. 339, 33 S. W. 774, it is decided that if the instruction, though referring to the pleadings, simply tells the jury that the burden of proof rests upon the defendant to establish such issue as made by the answer, it is not reversible error.

In Webb v. Baldwin, 165 Mo. App. 240, 147 S. W. 849, an instruction very similar to the one at bar was approved. Many other cases of like effect will be found in the dissenting opinion in the case of Williams v. Tucker, supra. [See also: Hartpence v. Rogers, 143 Mo. 623, 45 S. W. 650; Britton v. St. Louis, 120 Mo. 437, 25 S. W. 366.]

We have reached the view that in principle and on authority we may soundly rule that the giving of instruction No. 4 is not subject to the objection that it refers to the pleadings.

It is next said that the instruction is bad, in that it directs the jury that negligence is not presumed, since under the facts of this case the law raises a presumption of negligence. In considering this proposition, we must have in mind that even though the petition alleges general negligence, if plaintiff offered proof showing specific acts of negligence which caused the injury and asks instructions submitting his right to recover upon specifis acts so proved, the rule of *res ipsa loquitur* goes out of the case. [Gibson v. Wells, 258 S. W. 1; Heckfuss v. Am. Packing Co., 224 S. W. 99.] The proof brought into the case sought to show specific acts of negligence on the part of the defendant. But even more distinctly plaintiff instructed on specific negligence, as is seen by the following portion of instruction No. 2, given at the instance of plaintiff:

"And if you further find that said boards, so laid, used in and for the erection of said building, were not so secured as to insure the safety of persons passing under the same against the falling of said materials or articles, as you may find and believe from the evidence were at such place, and that in so placing said boards, and in the manner in which you can find and believe from the evidence they were placed, the defendant did not exercise reasonable caution and care under the circumstances, so as to prevent injury or accident to those that worked there or nearby, etc."

It is true, under plaintiff's petition, the defendant was required to exercise the highest degree of care. Plaintiff's instructions are bottomed upon the theory that the law required defendant to exercise only "reasonable caution and care," and such must be the theory here. We rule this contention against appellant.

No objection was raised by appellant to instruction No. 5, given on behalf of defendant. Said instruction

also required the plaintiff to prove that defendant was guilty of "negligence and carelessness" before plaintiff could recover.

So considering the case on the theory submitted to the jury by the parties, we conclude there is no reversible error in instruction No. 4. Hypertechnical objections are not to destroy substantial justice. Error, in order to work a reversal of a judgment, must be such as causes harm and prejudice to the losing party. Judgment affirmed. *Becker* and *Nipper, JJ.,* concur.