J. RAYMOND FRIGGE, APPELLANT, v. PERRY BROOKS, RESPONDENT.— 72 S. W. (2d) 995.

Kansas City Court of Appeals. May 21, 1934.

*C. G. Myers, Amon Townsend* and *Albert L. James* for appellant.

*Madden, Freeman & Madden* for respondent.

CAMPBELL, C.—Plaintiff's petition stated facts sufficient to show that he was the owner of the cause of action therein pleaded. And—

"Plaintiff further states that at the time and place in question, defendant had in his employ two men who were upon and operating said truck; that neither one of said operators of said truck had procured from the Commissioner of Motor Vehicles or any authorized department of the State of Missouri, as required by law, a license to operate a motor vehicle over and upon the highways of Missouri, for the purpose of transporting persons or property, and to receive therefor as compensation, wages, salary, commission, or fare, and that neither one of said employees was a licensed chauffeur or registered operator, and that neither one of said employees possessed a badge or wore the same in a conspicuous place upon his clothing at the time and place in question, all as required by law. Plaintiff states that defendant knew, or by exercise of ordinary care and caution could and should have known, that his said employees were not licensed

chauffeurs or registered operators and that the employment by said defendant of said employees, who at the time and place in question were unlicensed chauffeurs or registered operators, was a direct violation of the law of Missouri and was an act of negligence on the part of defendant and against this plaintiff, and said negligence, on the part of defendant, was one of the direct, contributing, and proximate causes of the damage done to plaintiff as in this petition set forth.''

The petition further alleged that the defendant's truck was operated by his employees in a negligence and reckless manner upon the "wrong and unlawful" side of the highway and "that by reason of said negligent, careless, reckless and unlawful act of defendant" plaintiff was damaged in the sum of $1723.50.

The trial court sustained defendant's motion to strike the quoted paragraph of plaintiff's petition. Trial resulted in verdict and judgment for defendant. Plaintiff has appealed.

The plaintiff presents the single question, was the motion to strike correctly ruled? In support of this insistence that the court erred in sustaining the motion plaintiff invokes the well-established rule that the violation of a statute such as the one here involved is negligence as a matter of law.

The author has read the many decisions in this jurisdiction cited in plaintiff's brief. None of them hold that the violation of a statute or ordinance is actionable unless the violation causes injury. It is elementary that negligence is not actionable unless it is the efficient cause or one of the efficient causes of the injury. [Deschner v. St. Louis & M. R. Ry. Co., 200 Mo. 310; Diehl v. Green Fire Brick Co., 299 Mo. 641, 661.]

"All the authorities agree that a recovery cannot be had upon mere proof of injury and defendant's brief of a statute or ordinance. The plaintiff must prove that the breach of regulation was the proximate cause of his injury. [Bluedorn v. The Mo. Pac. Ry. Co., 121 Mo. 258.]

"It is not enough to show an accident and an injury. A causal connection must be established between the accident and the negligence charged, in order to make out a case for the jury. . . . In other words, the mere concurrence of negligence and injury does not make the defendant liable. There must be a direct connection between the negligent act and the injury, and the negligence must be the proximate cause of the injury." [Warner v. St. Louis L. & M. Ry. Co., 178 Mo. 128, 133, 134; State ex rel. v. Cox, 310 Mo. 367, 375.]

The plaintiff cites decisions in foreign jurisdictions which support his contention. But the principle announced in the foreign decisions has been expressly disapproved in this jurisdiction. [Dixon v. Boeving, 208 S. W. 279, 281; Stack v. General Baking Co., 283 Mo. 396, 415.]

The paragraph which was stricken failed to show causal connection between the alleged negligence and plaintiff's injury. Aside from the paragraph, which was stricken, the petition alleged a cause of action based upon the negligent operation of defendant's truck. The stricken allegations were not connected with nor did they aid the allegations which remained in the petition. The judgment is affirmed. *Reynolds, C.,* not sitting.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Reynolds, C.,* not sitting.