Emma G. FULLER (Plaintiff) Respondent,

v.

Earl BAXTER (Defendant) Appellant.

No. 22204.

Kansas City Court of Appeals. Missouri.

Oct. 3, 1955.

Wesner & Wesner, Sedalia, for appellant.

Gayles R. Pine, Warrensburg, for respondent.

CAVE, Judge.

Plaintiff brought this action to recover damages for personal injuries resulting from an automobile collision and obtained a verdict and judgment for $7,000. Defendant has appealed.

Plaintiff was a guest in defendant's automobile. The petition alleged seven grounds of primary negligence, but the cause was submitted to the jury on the sole ground that the defendant negligently failed to dim the headlights of his automobile when meeting another automobile driven by one F. L. Brown, and when the automobiles were within 500 feet of each other, as required by Section 304.370 RSMo 1949, V. A.M.S. The answer denied all allegations of negligence and alleged that plaintiff's injuries were due to the sole negligence of F. L. Brown, a third party, in that Brown operated his automobile at a high, excessive and dangerous rate of speed; failed to keep a lookout; failed to keep and drive his automobile on his right hand side of the highway; and in negligently permitting and causing the same to cross the center line of the highway on defendant's side of the road and crash into defendant's automobile. The reply was a general denial.

Defendant's first assignment is that the court erred in not sustaining his motion for a directed verdict at the close of all the evidence and in overruling his after-trial motion to set aside the verdict and to render judgment in his favor. The basis of this contention is that the evidence fails to make a submissible issue of whether defendant's failure to dim his car lights was the efficient cause or a contributing cause of the collision. Defendant concedes that there is evidence that he did not dim his car lights as required by Section 304.370, and that a violation of that statute is negli-

gence per se. His specific point is that there is no substantial evidence that his failure to dim the lights was the efficient cause or one of the efficient causes of plaintiff's injuries.

In determining the sufficiency of the evidence to submit that issue, this court must consider the whole evidence and give the plaintiff the benefit of all facts and circumstances favorable to or tending to support her theory of the case, with every reasonable inference that may be drawn therefrom, as well as any evidence offered by defendant favorable to plaintiff, and disregard any of defendant's evidence contradictory or unfavorable to plaintiff's evidence. Barton v. Farmers Ins. Exchange, Mo.App., 255 S.W.2d 451; Sollenberger v. Kansas City Public Service Co., 356 Mo. 454, 202 S.W.2d 25.

We must also keep in mind that a mere violation of a statute or ordinance is not actionable unless such violation causes or contributes to cause the injuries. There must be some causal connection between the negligent act and the injuries. Frigge v. Brooks, 228 Mo.App. 758, 72 S.W.2d 995; Rose v. Thompson, 346 Mo. 395, 141 S.W.2d 824.

With these principles in mind, we review the evidence relative to the specific ground of negligence plaintiff chose to pursue.

The collision occurred on U. S. Highway No. 50 near the west city limits of Warrensburg at, what is referred to as, the cemetery curve. The highway was an asphalt or black top surface and extends in a general east-west direction. At about nine p. m. November 15, 1952, defendant was driving eastward and approaching the curve and one F. L. Brown was driving westward and approaching the curve. The cars collided on the curve and plaintiff, who was a passenger in defendant's car, suffered severe injuries. The paved portion of the highway east and west of the curve is 24 feet, but widens at the beginning of the curve and at the apex thereof it is about 40 feet wide. There was a white line marking the center of the highway.

To a car going eastward the curve is from southeast to east and such a car would be on the outside of the curve, whereas a car going west would be on the inside of the curve. A person entering the curve cannot see around the curve, because of some signs and trees on the north side of the road.

Plaintiff and her small son were riding in the front seat with defendant, and her mother and grandmother were in the rear seat. As defendant approached and entered the curve he was driving on his right side of the highway and at about 40 or 45 miles per hour. The car lights were on high beam or bright. He did not reduce the lights to low beam or on dim, although plaintiff requested him to do so when she saw the Brown car approaching around the curve. At that time the cars were 200 or 300 feet apart. The Brown car was being driven 30 to 45 miles per hour and was on its proper side of the highway. Brown testified that when the cars were within 40 to 60 feet (estimate) of each other the bright lights of defendant's car blinded him and he could not see the center line or the curve of the highway; "the lights were in my face; * * * I couldn't see where I was going." He applied his brakes and the cars collided almost head-on near the apex of the curve and to the south of the center line or on defendant's side of the pavement.

■ The crucial point is whether the evidence is sufficient to submit the issue of whether defendant's bright (blinding) lights contributed to cause the collision. We think so. The jury could have believed that as Brown rounded the curve on the inside he was unable to see the center line of the road and failed to keep his car on its proper side. We say this because all the evidence indicates that the collision occurred south of the center line, or on defendant's side of the road, and all of plaintiff's evidence is to the effect that Brown's car was on its proper side as he rounded the curve and approached defendant's car. If the cars had continued in their regular course there would have been

no collision. Consequently, it is a reasonable inference that when Brown was "blinded" by defendant's bright lights he permitted his car to cross the center line, otherwise there would have been no collision. This accords with physical facts instead of being opposed to physical facts as argued by defendant.

■ However, defendant strenuously argues that there is no evidence tending to prove that he ever drove his car to the left of the center of the pavement. We do not think this fact is determinative of the issue just discussed. If defendant's bright lights caused or contributed to cause Brown to cross the center line and collide with defendant's car, defendant would be liable even though he was on his proper side of the road.

■ It must be conceded that defendant's evidence strongly indicates that Brown was driving at an excessive rate of speed and on his wrong side of the pavement. That issue was submitted to the jury and we cannot consider such evidence in deciding whether a submissible issue of defendant's negligence was made. As we have said, even if Brown was negligent that fact would not excuse the defendant, so far as plaintiff is concerned, if defendant's negligence concurred with Brown's negligence to her injury.

The court did not err in overruling defendant's motion for a directed verdict.

Defendant makes an extended argument criticizing plaintiff's Instruction No. 1. For that reason we set it out in full. It reads: "The Court instructs the jury that it is the law of Missouri that the driver of an automobile equipped with multiple-beam road lighting equipment operating said automobile upon the highways of Missouri during night time when approaching an oncoming vehicle within 500 feet, such driver shall use a distribution of lights or composite beam of the headlights so aimed that the glaring rays are not projected into the eyes of the oncoming driver.

"The jury is therefore instructed that if you find and believe from the evidence that the defendant, Earl Baxter, drove and operated his Oldsmobile automobile at the time and on the occasion mentioned in evidence in an easterly direction on U. S. Highway No. 50 approaching the oncoming Chevrolet automobile within 500 feet, if so, and at said time the defendant was driving and operating his automobile with the headlights on the bright or upper beam, if so, and if you further find that the driving by defendant of said automobile with the headlights on the bright or upper beam was negligence, if so, and if you further find that the glaring rays of the headlights of defendant's automobile projected into the eyes of F. L. Brown the oncoming driver, if so, and if you further find that as a direct and proximate result of said acts or omissions of the defendant, as aforesaid, if you find that such acts or omissions were negligence, that the Oldsmobile automobile driven by defendant as aforesaid, collided with the Chevrolet automobile driven by F. L. Brown, and the plaintiff sustained bodily injuries thereby, if so, then your verdict must be in favor of plaintiff and against defendant."

■ Defendant argues that the first paragraph of the instruction is a mere abstract statement of law and does not cover all the requirements and limitations as provided in Section 304.370. It is true that an abstract instruction which directs a verdict is erroneous. Bourne v. Pratt & Whitney Aircraft Corp., Mo.App., 207 S.W.2d 533, 541. However, it is well established that an abstract statement of law in an instruction will not require a reversal of a judgment, when it is accompanied with a further call for a finding by the jury of all the facts required by law to justify a verdict. Under such circumstances the jury is not misled. Morris v. Alexander, Mo.App., 275 S.W.2d 373, 378; State ex rel. State Highway Comm. v..Haid, 332 Mo. 606, 59 S.W.2d 1057; Benham v. McCoy, Mo., 213 S.W.2d 914.

■ However,.defendant contends that the instruction does not fully cover all the

essential facts necessary to sustain a verdict. In this connection he asserts that the instruction does not apprise the jury that every person driving a motor vehicle equipped with multiple beam lighting equipment shall use a distribution of light, or composite beam, directed high enough and with sufficient intensity to *reveal persons and vehicles at a safe distance in advance of such vehicle.* This criticism is based on the first clause of the statute, which requires vehicles to be so equipped and so used. The purpose being to reveal objects or vehicles on the road. But that clause is not an issue in this case because the defendant testified that his car was so equipped and that he saw the Brown car approaching. The applicable portion of the statute provides: "Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, such driver shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver, * * *". Paragraph 1 of the instruction substantially follows the language of the statute and is proper under the facts and issues in this case.

■ Defendant also argues that the instruction is erroneous because it assumes facts necessary to be found by the jury and also fails to submit and hypothesize necessary facts to sustain the verdict. He does not point out any essential facts assumed in the instruction, and we find none. However, he argues that under the pleadings and the evidence there were clear cut issues of whether defendant's headlights were on the bright or upper beam and whether the glaring rays of the headlights projected into the eyes of Brown, and that such issues were not submitted. We think a mere reading of the instruction is a complete answer to this contention. The instruction requires the jury to find that when defendant's car was within 500 feet of the Brown car, defendant's headlights were "on the bright or upper .beam" and that the "glaring rays of the headlights of defendant's automobile projected into the eyes of F. L. Brown"; and that such acts were negligent and caused or contributed to

cause the collision resulting in plaintiff's injuries, and if so, then the verdict should be for the plaintiff. We think the essential facts were clearly hypothesized in the instruction, and none was assumed.

Defendant also contends the instruction gives the jury a roving commission. He does not point out in what respect it is so erroneous, and we find none. The instruction submits all essential facts to be found by the jury, and is not erroneous.

Defendant next contends that plaintiff's Instruction 4 is erroneous because it refers the jury to the pleadings for the issues.

As stated supra the petition alleged several acts of primary negligence against the defendant, and defendant's answer alleged several acts of negligence of F. L. Brown as being the sole cause of the collision. There was evidence supporting more than one act of negligence as pleaded in the petition and the answer. In this state of the record we copy the instruction in full. It reads: "The jury are instructed that, although you may find and believe from the evidence that F. L. Brown was *guilty of acts of negligence charged in defendant's answer,* in the operation of the Chevrolet automobile mentioned in evidence, yet if you further find and believe from the evidence that the defendant, Earl Baxter was also *guilty of acts of negligence charged in plaintiff's petition,* if so, and that *such negligence* of the defendant, Earl Baxter concurred with *the negligence* of the said F. L. Brown (if you believe they were negligent) in causing the collision, if so, that is, that both the defendant, Earl Baxter and F. L. Brown were *guilty of negligence,* and that such combined negligence caused the collision and damages, if any, then your verdict must be for the plaintiff and against the defendant." (Italics ours.)

■ This is not a burden of proof instruction. It directs a verdict for plaintiff on the theory of concurring negligence and, without reference to any facts, refers the jury to the *pleadings* as the source for determination of that issue. The pleadings are for the court and not for the jury. It has been held many times that it is error to refer the jury to the pleadings for ascertainment of controverted issues. For a collection of cases on the subject see Vol. 27, Mo.Dig., Trial, ⚖233(3). A very similar instruction was condemned in Williams v. Tucker, Mo. App., 224 S.W. 21.

■ It is true that not every instruction referring the jury to the pleadings is erroneous, such as where the reference is not for the purpose of *ascertaining the issues* but rather to identify a thing about which an issue is made by the pleadings. Adams v. City of St. Joseph, 360 Mo. 806, 230 S.W.2d 862, 864. However, that rule is not applicable to the present instruction.

■ Plaintiff seeks to support Instruction 4 on the ground that defendant cannot complain if there be error, because defendant's Instruction B also referred the jury to the pleadings. There is no merit in this contention. Instruction B is a burden of proof instruction and advised the jury that the *"charge"* made by plaintiff against the defendant is one of negligence; but recovery may not be had against the defendant *"on such charge"* except when sustained by the preponderance of the eviednce; that the burden does not rest on the defendant "to disprove *such charge",* but rather the law casts the burden of proof in reference to *"said charge"* upon the plaintiff. This is the usual and ordinary burden of proof instruction. It does not refer the jury to the *pleadings.* Almost this identical instruction has been discussed and held not to refer to the pleadings in Williams v. Hyman-Michaels Co., Mo.App., 277 S.W. 593, 595, and Carpenter v. Burmeister, 217 Mo.App. 104, 110, 273 S.W. 418. See, also, McClellan v. Kansas City Public Service Co., Mo.App., 19 S.W.2d 902, 909.

For the error in Instruction 4 the judgment is reversed and the cause remanded.

All concur.